### ROEMER *v.* SIMON.

1. Letters-patent No. 56,801, issued July 31, 1866, to William Roemer, for an improvement in travelling-bags, cannot be sustained, as the thing patented was, before his alleged invention, known and extensively used by others in this country.

2. Where, after setting up the defence of prior knowledge and use of the thing patented, and giving the names and residences of witnesses intended to be called to prove the defence, the answer to a bill for the infringement of letters-patent alleges that the names and residences of certain other witnesses are unknown to the defendant, and prays leave to insert and set forth in the answer such names and residences when they shall be discovered, it is competent for the court to allow, upon such discovery, the amendment to be made *nunc pro tunc.*

APPEAL from the Circuit Court of the United States for the District of New Jersey.

This is a suit by William Roemer against the appellee for the infringement of letters-patent No. 56,801, granted to him July 31, 1866, for an improvement in travelling-bags.

The answer set up among the defences the want of novelty of the improvement, and the knowledge and use of it prior to the alleged invention of the complainant.

Upon the final hearing, the court below dismissed the bill; whereupon the complainant appealed here.

The other facts are set forth in the opinion of the court.

*Mr. Arthur v. Briesen* for the appellant.
*Mr. Frederic H. Betts, contra.*

MR. JUSTICE CLIFFORD delivered the opinion of the court.

Patentees or assignees in a suit for infringement, where the patent described in the bill of complaint is introduced in evidence, are presumed to be the original and first inventors of the described improvement; and, if they have proved the alleged infringement, the burden of proof is cast upon the respondents to show that the patent is invalid, unless the patent is materially defective in form.

Parties defendants sued as infringers are not allowed, in an action at law, to set up the defence of a prior invention, knowledge, or use of the thing patented, unless they have given notice of such defence in writing thirty days before the trial, and have stated in that notice " the names of the patentees and the dates of their patents alleged to have been invented, and the names and residences of the persons alleged to have invented or to have had the prior knowledge of the thing patented, and where and by whom it had been used." 16 Stat. 208; Rev. Stat., sect. 4920; *Seymour* v. *Osborne*, 11 Wall. 516; *Blanchard* v. *Putnam*, 8 id. 420.

Since the passage of the act of the 8th of July, 1870, the regulation in equity suits is that defences such as are described in sect. 61 of that act " may be pleaded in any equity suit for relief against an alleged infringement, and that proof of the same may be given upon like notice in the answer of the respondent, and with like effect." 16 Stat. 208.

Service was made; and the respondents appeared and filed an answer, in which they deny that they have ever in any way infringed the letters-patent described in the bill of complaint; and they also set up several other defences, as follows: 1 That the specification filed in the Patent Office contains less than the whole truth relative to the invention, or more than is necessary to produce the described effect. 2. That the patent was surreptitiously and unjustly obtained for that which was in fact invented by another. 3. That the alleged invention had been patented prior to the supposed invention by the complainant. 4. That the alleged invention had been described in

a certain publication prior to the alleged invention by the patentee.   5. That the complainant was not the original and first inventor of the supposed improvement; that the same had been previously invented and known and used by the persons named in the answer, and by many other persons whose names are unknown to the respondents, which, when discovered, the respondents pray leave to insert and set forth in the answer.

Proofs were taken on both sides; and the parties went to hearing upon bill, answer, replication, and the proofs exhibited in the record.   Both parties were fully heard; and the court entered a decree in favor of the respondents, dismissing the bill of complaint; and the complainant appealed to this court.

. Three errors are assigned, in substance and effect as follows: 1. That the court did not give due effect to the agreement between the parties which was introduced in evidence by the complainant.   2. That the evidence introduced by the respondents to prove use and knowledge of the thing patented prior to the patent granted to the complainant was insufficient to establish that defence.   3. That the court erred in admitting evidence to prove such prior use and knowledge, of which no notice had been given in the answer.

Questions not involved in the assignment of errors will be passed over without examination.

1. By the articles of agreement, the respondents agree that " they will not manufacture or use the clasp or catch manufactured by a certain firm therein mentioned without the consent of the complainant, his executors, administrators, or assigns."   They did not agree not to manufacture or use the thing patented in the complainant's patent.   Instead of that, the charge in the bill of complaint is that the respondents have manufactured and sold to others large quantities of travelling-bags in violation of the complainant's rights and privileges under his letters-patent.   Attempt is made to show that the clasp or catch manufactured by the firm referred to in the agreement is the same as that of the complainant; but that is a question of fact open to controversy, which is sufficient to show that the agreement does not work an estoppel, as supposed by the respondents.   Curtis on Patents (4th ed.), sect. 217.

Much reference to the specification is unnecessary, as the

defence, that the respondents have not infringed the supposed invention, is not pressed in the argument for the appellee.　My invention, says the patentee, consists in the application of two staples or clamps, one at or near each end, to the frame of a travelling-bag in such a manner that when the bag is packed full the staples or clamps shall fasten the ends or corners together.　In the same connection he also describes a mode of fastening the staples or clamps to the frame of the bag by a strap which passes over the centre of each staple; and he adds, that the staple or clamp "is made of strong iron turned down at each end." · Sufficient description is given of the staple or clamp; but the strap is not described, except by being exhibited in the drawings.

Clamps, the patentee admits, have before been applied to small and fancy bags instead of a lock at or near the centre of the frame, and therefore he does not claim the application of clamps or staples broadly; but, says the patentee, what I claim as my invention and desire to secure by letters-patent is a frame for travelling-bags having staples and straps, meaning the described staple and strap adjusted at the top thereof, relieving the lock from strain, as combined, arranged, and described.

Suffice it to say, that it is obvious from an inspection of the specification that the real invention, if any, is in the staples or clamps, and perhaps in the arrangement of two of them at the top of the frame.　Doubtless one method of arrangement may be better than another; but the particular method of attachment to the frame cannot be very material, as any mechanic, if furnished with the clamps, could affix the device in various equivalent ways.

Five witnesses admitted to be credible were examined by the respondents, whose testimony clearly shows that the thing patented had been previously known and used very extensively in this country by the persons named in the answer and by many others.

Exclusive rights of the kind are granted only to inventors or discoverers of some new and useful art, machine, manufacture, or composition of matter, or some new and useful improvement thereof; and the law is well settled that nothing short of inven-

tion or discovery will support a patent for any such alleged new and useful improvement. Certain other important conditions are also annexed to the exercise of the right to obtain such a muniment of title for such an invention or discovery; as, for example, the improvement must not only be new and useful, but it must be one not known or used by others in this country and not patented, or described before the invention or discovery in any printed publication in this or any foreign country, and must not have been in public use or on sale more than two years prior to the application for a patent. 16 Stat. 201; Rev. Stat. sect. 4886; *Collar Company* v. *Van Dusen*, 23 Wall. 531; *Dunbar* v. *Myers*, 94 U. S. 196.

Antecedent patents here or elsewhere are not set up in the answer; and it is clear that proof of prior use in a foreign country will not supersede a patent granted here, unless the alleged invention was patented in some foreign country. Proof of such foreign manufacture and use, if known to the applicant for a patent, may be evidence tending to show that he is not the inventor of the alleged new improvement; but it is not sufficient to supersede the patent if he did not borrow his supposed invention from that source, unless the foreign inventor obtained a patent for his improvement, or the same was described in some printed publication.

Doubt upon that subject cannot be entertained; but it is equally clear, that if the alleged improvement had been previously patented here or in a foreign country, or if it had been previously known or used by others in this country, or if it had been in public use or on sale for more than two years prior to his application for a patent, the letters-patent cannot be sustained. 16 Stat. 201.

Competent proof of a prior patent anywhere is entirely wanting, nor is there any satisfactory evidence that the invention was previously described in any printed publication; but the evidence shows beyond any reasonable doubt that the thing patented was known and used extensively by others in this country before the invention or discovery made by the patentee, as set forth and described in the bill of complaint. Such was the finding of the court below; and the evidence is so full to the point, and is so fully set forth in the record and in the opin-

ion delivered in the Circuit Court, that it is not necessary to reproduce it in the present opinion.

Suppose that is so, still it is insisted by the complainant that the testimony of two of the witnesses should have been excluded, because their names and residences were not set forth in the answer as persons alleged to have had a prior knowledge of the thing patented.

Written notice of the names of the witnesses intended to be called by the defendant or respondent to prove such a defence is not required by the act of Congress. Instead of that, the requirement is that the defendant party shall state the names of the patentees, and the dates of their patents and when granted, and "the names and residences of the persons alleged to have invented or to have had the prior knowledge of the thing patented, and where and by whom it had been used." 16 Stat. 208.

Notice of the kind is required, in order to guard the moving party from being surprised at the trial by a defence of a nature which he could not be presumed to know or be prepared to meet; and, to prevent such consequences, the defendant or respondent is required to state "the names and residences of the persons alleged to have previously invented the improvement, or to have the prior knowledge of the thing patented, and where and by whom it had been used." *Teese et al.* v. *Huntington et al.*, 23 How. 2.

Prior use and knowledge of the thing patented may be pleaded as a defence to a suit for infringement; but the respondent cannot be allowed to give evidence to support such defence, if seasonable objection be made, unless it appears that he gave notice in his answer of the names and residences of the persons alleged to have had such prior knowledge of the thing patented. *Blanchard* v. *Putnam*, 8 Wall. 420.

Seasonable objection was made in that case by the plaintiff, the suit being an action at law, and the court held that the evidence was not admissible without an antecedent compliance with the conditions of the patent act; but the case before the court is clearly distinguished from that in several particulars. Due notice was given in the answer that the invention and every material and substantial part thereof had been previously

invented and used by and was known to certain persons therein named, twelve in all; and the respondents in due form stated the names and residences of the persons alleged to have had such prior knowledge, and where and by whom the invention had been used. Superadded to that, they also alleged that the supposed invention had previously been known to and used by many other persons to the respondents unknown; and they prayed leave, as before remarked, that, when discovered, they might be permitted to insert and set forth their names in the answer. Pursuant to that reservation, two witnesses were examined upon that subject by the respondents without objection; nor does the record, irrespective of the opinion of the court, show that any objection to the admissibility of the evidence was ever made.

Previous notice of the examination of those two witnesses, it seems, was not given; but the presiding justice states that, if seasonable objection had been made, the evidence would have been excluded. None such was made; and it is well-settled law that the failure to interpose any such objection before the final hearing is a waiver of the required notice in an equity suit. *Brown* v. *Hall,* 6 Blatch. 405.

Explicit notice was given in the answer that such a défence would be made, and that leave to amend the answer would be asked in case the names and residences of other persons having like knowledge in that regard should be discovered; and, when such a discovery was made, the respondents in due form applied to the court for leave to insert their names and residences in the answer. Viewed in the light of these circumstances, we are all of the opinion, that it was clearly competent to allow the proposed amendment. *Teese et al.* v. *Huntington et al., supra.*

Authority to grant the amendment being established, it follows that the court might properly allow it to be entered *nunc pro tunc,* as originally prayed in the answer. Due notice was there given that such defence would be made, and that the respondents would move to insert the names and residences of other persons when discovered. Such notice prevented surprise, and fully justified the court in allowing the amendment and making the order in the form exhibited in the record.

Suppose the rule were otherwise, still a new hearing would not benefit the complainant, as the testimony of the other three witnesses is abundantly sufficient to establish the defence of prior knowledge and use.          *Decree affirmed.*