LOBDELL (BURLEIGH ROCK DRILL Co. v.). See Case No. 2.166.

LOCH GOIL, The (CURRY v.). See Case No. 3,493.

---

## Case No. 8,438.

### LOCK v. PENNSYLVANIA R. CO. et al.

[1 N. Y. Law J. 227.]

Circuit Court, D. New Jersey. July 23, 1878.

#### PRACTICE.

1. A complainant cannot acquiesce in the taking of testimony, and afterwards object to it for want of notice.

2. Semble. Where a defendant gives notice of a prior use of the invention by a specified person, he is not obliged to call the person indicated, but may prove the fact by some one else.

This was an application to the court by the complainant to strike from the record the testimony of certain witnesses, upon the grounds, substantially, that no proper foundation has been laid in the answer for their examination, under the provisions of section 4920 of the Revised Statutes of the United States. That section provides, amongst other things, that where the answer sets up the previous invention, knowledge or use of the thing patented, the defendants shall state the names and residences of the persons alleged to have invented or to have had the prior knowledge of the thing patented, and where and by whom it had been used. The defendants in their answer allege that the complainant was not the original and first inventor of the thing claimed as new in his letters patent; that, anterior to his supposed invention, the same was used in various places, and was known to and used by divers persons in the United States, and, among others, certain parties named.

Before McKENNAN, Circuit Judge, and NIXON, District Judge.

NIXON, District Judge (after reviewing the facts). 1. The motion comes too late as to Dripps & Wood. They were examined without objection, and it does not appear from the record that the complainant raised any question as to their competency until after the close of their examination. It is well settled, as a matter of practice, that complainant cannot acquiesce in the taking of testimony under such circumstances, and afterwards object to it for want of notice. The law does not allow such experiments to be made. See the opinion of this court in Roemer v. Simons [Case No. 11,997], and the subsequent affirmation of the case by the supreme court in 95 U. S. 214.

2. Nor does the objection apply to the evidence of Buzby. His name is given in the answer, and he is described as a resident of Bordentown, N. J. I think that this is sufficiently definite where the witness resides in a small place like Bordentown. Slight inquiry would find him if he was there. A different rule would probably have been applied to a large city like Philadelphia, if the complainant had not waived the objection by allowing the examination of Mr. Dripps.

3. I have had more difficulty in allowing to stand the testimony of the other witnesses, whose names were not disclosed in the an-

swer. The defendants do not claim that it should be received as evidence of their own knowledge, or prior use of the invention, but simply as proof of the alleged prior use by the Camden and Amboy Railroad. With this restriction of its scope, it is perhaps competent. The weight of authority seems to be that where a defendant gives notice of a prior use of the invention, by a specified person, he is not obliged to call the person indicated, but may prove the fact by some one else.

The motion to strike out is refused.