SEARLS *v.* BOUTON and others.*

(*Circuit Court, S. D. New York.* March 18, 1882.)

1. LETTERS PATENT—IMPROVEMENT IN WHIP-SOCKETS—VALIDITY OF.

Reissue No. 9,297, granted to Anson Searls for a centrally-perforated rubber disk fitting loosely into an inner groove near the top of a whip-socket, and retained in place by the expansive force of the rubber, and letters patent No. 150,195, granted John M. Underwood for an improvement thereon, by which such rubber disk could be made thick enough to well retain its place in the socket, and at the same time yielding enough to permit ready insertion of the whip, by cutting away portions of it at intervals between the outer edge and the perforation, are good and valid, and not void for want of novelty.

2. SAME—DEFENCES—PRIOR USE.

Proof of prior knowledge and use of an invention cannot prevail where the answer merely alleges prior knowledge, and does not set forth where and by whom the invention had been used, as required by the statute.

3. SAME—LICENSE TO MANUFACTURE.

Where defendants attempt to justify under a personal license to manufacture, the burden of proof is upon them to make it clear that the articles sold by them, which would otherwise be an infringement, were made under and pursuant to the license; otherwise they must be adjudged to have infringed.

In Equity. On final hearing.

*J. P. Fitch,* for plaintiff.

*N. Davenport,* for defendants.

WHEELER, D. J. This suit is brought upon reissued letters patent No. 9,297, to the orator, for an improvement in whip-sockets, and

*Reported by S Nelson White, Esq., of the New York bar.

upon original letters patent No. 150,195, to John M. Underwood, assignor to the orator, also for an improvement in whip-sockets. The defences set up in the answer are, to the former, that it was not properly reissued for the same invention described in the original; that the invention had been previously patented in several prior patents in this country; that the invention was previously "well known" to, among others, Charles A. Flesche, John Perpenti, and E. E. Stevens, without saying that it had been used by any person; and that defendants have not infringed; and to the latter the defence of want of novelty. Although this objection to the reissue is set up in the answer, the original patent is not put in evidence at all, and there is nothing properly before the court by which to determine whether the original and the reissue are for the same invention or not. As the reissue was granted by the proper officer, the presumption is that it was properly granted, and there is nothing in the case to overcome that presumption. The patent is for a centrally-perforated rubber disk fitting loosely into an inner groove near the top of a whip-socket to steady the whip, and retained there by its expansive force, keeping its outer edge within the walls of the groove, and permitting the insertion and withdrawal of the whip by its elasticity. The evidence shows that such disks had been for some time known and used for this purpose by being placed in the whip-socket near the top, and being clamped or held there by the outer edge placed firmly between the body and top of the socket, or between a shoulder in the socket and a closely-fitting ring, and by other similar arrangements for holding the outer edge tightly. These were patented in the prior patents set up in the answer. In the use of disks so fastened the insertion and withdrawal of the whip would bend the inner part up and down, and cause it to break from the outer part at the edge of where it was firmly held. The invention of the orator obviated this breaking largely by allowing the outer edge of the disk to roll in the groove with the movement up and down of the interior. This kind of disk was not described in any of the prior patents. It could be used in a socket found in one piece in that part; and the patent describes making its outer edge of harder rubber than its inner edge, to make it more secure in its place, and still permit the insertion and withdrawal of the whip. There are three claims: the first is of a whip-socket formed there in one piece, with a groove, and such a disk inserted in it; the second is for the combination of such a disk so held in place with a whip-socket; and the third is for such a combination, with a disk having its outer edge of harder rubber. The second claim seems to cover the whole

that the patent can be construed to cover. The whip-socket, without the loosely-fitting disk in the groove, would not be new; and such a fitting disk in a whip-socket would include one with a harder edge. This combination is not shown in any of the patents. The patents are all for comparatively small differences; and this difference is small, but it exists, and is large enough to be patented.

The allegation in the answer as to knowledge, without an allegation of use, seems to have been made intentionally, in view of the evidence to support it, rather than inadvertently. The proof, at most, shows that but two sockets were made showing this invention, and that these were laid away with other specimens without the rubber disks being in the grooves. Flesche, who made them, afterwards took a patent, which is one of those set up as anticipations, without this feature, and no use of them otherwise is shown. One of them, defendant's Exhibit L, is in evidence, with a rubber disk made since in the groove. As so put together this exhibit does seem to show all the elements of this patent as construed. The evidence was seasonably objected to for the reason of the lack in the answer, and the question is whether such an answer, supported by proof, will defeat a patent. The section of the statute relating to the granting of patents provides that they may be granted if the invention was not known or used by them, as if either knowledge or use would prevent. Rev. St. § 4886. The section relating to defences, and the mode of making them, provides for notice stating not only the names and residences of the persons alleged to have had prior knowledge of the inventions, but adds, "and where and by whom it had been used."

In *Gayler* v. *Wilder*, 10 How. 477, it was held that these statutes were to be construed together, and with others on the same subject, and that prior knowledge of an invention not accessible to the public would not defeat a patent. The knowledge might be acquired in a foreign country, and the invention not be patented or described in a printed publication there, and such knowledge would not prevent or defeat a patent by another in this country. The answer alleges knowledge by persons of New Haven, Connecticut, but not knowledge at New Haven or any other place. The proof goes beyond this, and shows such knowledge as there was to have been at New Haven; but affirmative defences, and especially this defence, as provided and regulated by the statute, must be alleged as well as proved, and proof objected to for want of allegation will not help out the defence. *Roemer* v. *Simon*, 95 U. S. 214. This defence cannot prevail as made.

The defence of non-infringement rests upon a license granted by the orator to John O. Merriam and Edwin Chamberlain "to manufacture" "at their shop in Troy, N. Y., and no other place or places." This appears to be a personal license, not transferable, and a license to make only. Merriam and Chamberlain had a shop in Troy, and constituted a firm. Merriam seems to have sold out to a new firm composed of Edwin Chamberlain and Perry D. Randall. Edwin Chamberlain has since died, and Edward Chamberlain has succeeded him in the firm of Chamberlain & Randall. Merriam appears to have ordered material, or to have permitted Chamberlain & Randall to order them in his name, for use in making whip-sockets at that shop, but he does not appear to have been engaged himself in the manufacture. Sockets made under and pursuant to the license would be free to the trade, but sockets merely dealt in by the licensees would not thereby be made free. The defendants have not made it clear that the sockets they have sold, which would otherwise be an infringement, were made under and pursuant to the license. Therefore, they must be adjudged to have infringed. The extent of the infringement, unlawfully done, must, of course, go to the master for determination.

There was some difficulty in having these rubber disks thick enough to well retain their places in the sockets and at the same time yielding enough to permit ready insertion and withdrawal of different-sized whips. Underwood invented cutting away portions of the disk at intervals, around between the outer edge and the perforation, making them more yielding in the interior, whereby this difficulty was, in some measure at least, overcome. His patent is for this improvement. The evidence of anticipatory devices shows nothing like this. As the case is made up and presented, the patents must both be adjudged valid, and to be infringed.

Let a decree be entered for the orator for an injunction and an account, according to the prayer of the bill, with costs.