DIAMOND MATCH CO. v. SCHENCK et al.

(Circuit Court, E. D. Pennsylvania. December 30, 1895.)

No. 22.

1. PATENTS—ANTICIPATION.

Proof of the pre-existence of suggestions, as distinguished from practically available description, does not establish anticipation. It is not enough that by selecting parts from several prior patents, and making but little change therein, the contrivance of the patent in suit might be constructed.

2. SAME—PLEADING—NOTICE OF DEFENSE OF PRIOR USE.

A notice of a defense of prior use, which recites the names and residences of the alleged users, but wholly omits to describe the place of such use, is fatally defective.

3. SAME—FRICTION-MATCH DEVICE.

The Pusey patent, No. 483,166, for a friction-match device, designed to be carried in the pocket, *held* valid and infringed.

This was a suit in equity by the Diamond Match Company against John H. Schenck and John M. Moore, trading as Dr. J. H. Schenck & Sons, and the Binghamton Match Company, for alleged infringement of a device relating to friction matches.

Joshua Pusey, for complainant.

Wm. S. Price and Jas. Wilson Bayard, for defendants.

DALLAS, Circuit Judge. The bill in this case charges the defendants with infringement of claims 1, 2, 4, 5, and 6 of letters patent No. 483,166, dated September 27, 1892, granted to Joshua Pusey, for a friction-match device, designed to be carried in the pocket. The defenses relied upon are lack of invention and novelty. Of the several patents introduced by the defendants, two (said in their brief to be "identical in import") have been mainly discussed, namely, "Roca's Italian patent," granted January 16, 1879, and "Roca's Belgian patent," granted January 31, 1879. These patents are in foreign languages, and the usual controversy as to whether they exhibit the invention covered by the patent in suit has been complicated by contention respecting the meaning of certain of their material words and phrases. The translations supplied by the defendants may be correct, but by cross-examination of the translators, and by evidence for the complainant (exclusive of the "patent-office translation," the incompetency of which is admitted), they have been so seriously impugned as to impair, at least, confidence in their accuracy. The defendants affirm that these patents anticipated the invention of Pusey, and the burden which they assumed, to support that allegation fully, clearly, and exactly, included an obligation to adduce, as they might readily have done, translators and translations impregnable to reasonable criticism; and their failure to do this has occasioned much complexity in argument, and perplexity in consideration. But one fact, and that a determinate one, seems

to me, upon all the evidence, to be very plain: It is that it certainly has not been made to appear, with clearness, either that the Pusey device is disclosed by the Roca patents, or that, solely by information derivable from them, one skilled in the art would be enabled to produce that device. The utmost that can be said of the other patents set up by the defendants is that some of them may appear, now that the Pusey invention is known, to be suggestive of it, and that by selecting parts from several of them, and making but little change therein, the Pusey contrivance might be constructed. But this is not enough to defeat a patent. Neither invention nor novelty is negatived by proof of the pre-existence of suggestion, as distinguished from practically available description; and neither the one nor the other is disproved by showing, after the invention in question has been made known, that its object might be attained by adapting and uniting some of the components of prior inventions in a manner and for a purpose which had not been contemplated.

The only allegation of prior use which is insisted upon is that alleged to have been made by Frank Farnham and Fred W. Farnham; but notice of this defense was not given as required by the statute, and objection to the admission of the evidence relating to it was duly interposed. The answer recites the names and residences of the alleged users, but wholly omits to describe the place of use, and consequently is, as to notice, fatally defective; for, to comply with the statute, "it must recite the names and residences of the persons using or having knowledge of the invention, and sufficiently describe the place of use to put the plaintiff in possession of the means of identifying such invention with his own." Rob. Pat. § 1116, and note 4. In Searls v. Bouton, 12 Fed. 140, Judge Wheeler called attention to the fact that notice is requisite, both of "where and by whom" the invention had been used, and held that notice of knowledge by persons "of" New Haven was not notice of knowledge "at" New Haven. I am therefore constrained to regard this defense as inadmissible, but may add that, even if it had been properly notified, I do not think that the evidence would have sufficiently maintained it.

I have no doubt, irrespective of the matters which have been discussed, that a patentable invention was made by this patentee. The device, though a simple one, is a creation of the inventive faculty, and not a product of mere mechanical skill. It provided for a want which had been perceived and felt, but which no one had been able to meet; and perhaps the best evidence of its utility and value is that the complainant paid $5,000 to secure to itself the monopoly of its manufacture, use, and sale. Decree for complainant.