RODGERS, Immigration Com'r, v. UNITED STATES ex rel. ELSBERG.

(Circuit Court of Appeals, Third Circuit. February 13, 1907.)

No. 41.

APPEAL AND ERROR—RECORD—INSUFFICIENCY.
    · It is the duty of a party appealing to see that there is sufficient in the transcript of the record brought to the appellate court to intelligibly present the questions sought to be reviewed.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 2624, 2627.] ·

Appeal from the District Court of the United States for the Eastern District of Pennsylvania. .

J. C. Swartley and J. Whitaker Thompson, for appellant.
David Phillips, for appellee.

Before DALLAS and GRAY, Circuit Judges, and BRADFORD, District Judge. ·

BRADFORD, District Judge. This is an appeal from an order of the court below discharging Lewis Elsberg on a writ of habeas corpus. The petition states that he was refused a landing in the United States and was ordered to be deported "on the authority of the marine surgeon's certificate, 'that the said Lewis Elsberg was an imbecile.'" On the other hand, the return made by the International Mercantile Marine Company states that admission was refused and deportation ordered because Lewis Elsberg was likely to become a public charge. The first two assignments of error are as follows:

"1. The learned Judge erred in holding that the proceedings before the Board of Inquiry at Philadelphia, were not final.
2. The learned Judge erred in holding that the proceedings before the Board of Inquiry at Philadelphia, were reviewable by the Court."

If there were any proceedings before a board of special inquiry at Philadelphia touching the right of Lewis Elsberg to land it may be of vital importance that they should be disclosed to this court. But aside from the statements contained in the above assignments there is absolutely nothing to show that any proceedings were had before a board of special inquiry at Philadelphia or elsewhere. Indeed, the transcript of record before us does not disclose any evidence on either side on any branch of the case. It is again necessary to remind counsel who are preparing cases for review in this court of the importance of having enough appear in the record brought up to render it intelligible. As stated by Mr. Chief Justice Waite in Railway Co. v. Stewart, 95 U. S. 279, 284, 24 L. Ed. 431: "It is clearly the duty of the party who takes an appeal to see to it that the record is properly presented here." The appellant has leave within thirty days to file in this court a supplementary transcript of record showing the evidence, oral and documentary, adduced before the court below. Should such supplementary transcript not be filed within that period the appeal will be dismissed.

And it is ordered by the court that copies of this opinion and order forthwith be transmitted by the clerk to the parties to this cause or their counsel of record.