DIMET PROPRIETARY, LIMITED v. INDUSTRIAL METAL PROTECTIVES, Inc.

Civ. No. 1420.

United States District Court
D. Delaware.

Oct. 28, 1952.

Caleb S. Layton, of Wilmington, Del., of Richards, Layton & Finger, Wilmington, Del., and Oscar A. Mellin, of San Francisco, Cal., for plaintiffs.

E. Ennalls Berl, Wilmington, Del., of Berl, Potter & Anderson, Wilmington, Del., and H. A. Toulmin, of Dayton, Ohio, for defendant.

RODNEY, District Judge.

This is an action brought by Dimet Proprietary, Ltd., a corporation of Victoria, Australia, and Amercoat Corporation, a corporation of the State of California, and being respectively the owner and exclusive licensee of two certain U. S. Letters Patent, No. 2,440,969 and No. 2,462,763. The defendant, Industrial Metal Protectives, Inc., is a corporation of the State of Delaware. The complaint alleges two causes of action. The first cause of action is substantially an allegation of patent infringement of Letters Patent No. 2,462,763. The second cause of action allegedly seeks a declaratory judgment that U. S. Letters Patent No. 2,509,-875 owned by the defendant is not infringed by the plaintiffs and is invalid and void. The first cause of action consists of nine paragraphs distinguished by Roman numerals, and the second cause of action consists of thirty-one paragraphs set out in Arabic numerals.

The present questions arise from three several amended motions of the defendant, viz., (1) a motion under Rule 12(f), Fed. Rules Civ.Proc., 28 U.S.C., to strike certain language from paragraph VIII of the first cause of action and a portion of the prayer of the first cause of action; (2) a motion for summary judgment under Rule 56 as to the second cause of action; and (3) a motion to dismiss under Rule 12(b) and being applicable to many or all of the paragraphs of the second cause of action. These motions will be considered in the order named.

1. *Motion to Strike Under Rule 12(f)*

In paragraph VIII of the first cause of action after an allegation of infringement, the plaintiff adds, "In knowing, wanton and deliberate disregard to the rights of the plaintiffs in the premises." In prayer (e) of

the first cause of action the plaintiff prays the allowance of counsel fees and adds "Due to the wanton and deliberate character of the infringement." It is the quoted words that the defendant seeks to strike because, as it is argued, such words are immaterial, impertinent and scandalous.

The defendant contends that any matter is impertinent which "consists of any allegation not responsive or relevant to the issues involved in the action" and cites Best Foods, Inc. v. General Mills, Inc. in this court.[1] The defendant contends that the sole issue is whether or not the patent was infringed and that the quoted words are not relevant to that issue. Motions to strike are somewhat strictly considered and, at times, will be denied even when literally within the provisions of Rule 12(f) where there is no showing of prejudicial harm to the moving party.[2]

Reasons seem to exist for refusing the motion to strike. The damages recoverable by an owner of a patent against an infringer in an action under 35 U.S.C. Sec. 67 seem to be the "actual damages sustained" and damages recoverable against an infringer in an action under 35 U.S.C. Sec. 70 are denominated "general damages."

The words objected to have often been used in other proceedings as the basis for exemplary or punitive damages. Each of the sections just mentioned includes the power of the court to increase the awarded damages to an amount not exceeding three times the damages as found and such language has induced some courts to call the increase of damages as "exemplary or punitive" damages. At this time it is impossible to forecast the circumstances of the case which might require the exercise of the court's discretion and the striking of the language might be an action limiting the future attitude of the court which could not be now determined.

The plaintiff, while not clearly relying upon the quoted words as affecting the question of damages, does claim that such words are material with relation to his claim for attorneys' fees. The question of allowance of attorneys' fees to the prevailing party in a patent infringement case is a question separate and distinct from the question of damages. Ordinarily attorneys' fees will not be specifically granted unless there is evidence of such unfairness or inequitable conduct on the part of the losing party which makes it unjust that the winning party should bear his own counsel fees which prevailing litigants normally bear.[3] The words objected to in the first cause of action indicate an intent to request attorneys' fees and if proven and that party prevail might have a tendency to invoke the discretion of the court in the granting of attorneys' fees to the prevailing party.

The motion to strike the quoted words must be refused.

### 2. Motion for Summary Judgment Under Rule 56.

The second cause of action is substantially in the nature of an action for a declaratory judgment adjudging the defendant's patent invalid and not infringed by the patents or process of the plaintiffs. The defendant has filed a motion for summary judgment on the ground that no jurisdiction exists for a declaratory judgment in that there appeared no justiciable threat of infringement or otherwise. Concededly, paragraph 15 is the only portion of the complaint in which there is anything in the nature of an affirmative allegation of any threat. Since the motion for summary judgment is specifically directed to this paragraph 15, it is well to keep its allegations in mind as it is set out in the footnote.[4]

The defendant has filed 11 affidavits. Ten affidavits are made by officers and

1. 3 F.R.D. 459.

2. Tivoli Realty, Inc., v. Paramount Pictures, Inc., D.C.Del.1948, 80 F.Supp. 800, 803; Paramount Textile Machine Co. v. Burlington Mills Corp., D.C.Del.1950, 90 F.Supp. 66.

3. Park-in-Theatres, Inc., v. Perkins, 9 Cir., 190 F.2d 137, 142, and cases there cited.

4. Paragraph 15 is not verified or signed by any officer or other representative of either plaintiff but by counsel alone. It reads:

"That plaintiffs are informed and believe and on information and belief allege that defendant, through its employees and agents, has informed the trade and

agents of the defendant and specifically deny any threat of any kind. The eleventh affidavit shows that the ten affiants were the only persons who could have made a threat if one had been made. The plaintiffs have filed no affidavits and thus the question of the existence of any threat or genuine issue governing the jurisdiction of the declaratory judgment complaint must be determined by the bare allegations of paragraph 15 and the affidavits as filed.

It seems proper to state some concise views having a bearing on the present difficulties and to see if these views are consistent with the holdings of Hart & Co. v. Recordgraph Corp., 3 Cir., 169 F.2d 580, so much relied upon in this proceeding.

When the Rules of Civil Procedure were first effective in 1938 at least three methods were available to a defendant to test the sufficiency of the complaint: (1) He could move to dismiss the action under Rule 12(b); (2) If the pleadings had been closed he could have moved for a judgment on the pleadings under Rule 12(c); (3) He could, with or without supporting affidavits, move for summary judgment under Rule 56. Rule 56 for summary judgment made special provision for supporting and opposing affidavits. Rules 12(b) and 12(c) made no specific mention of such affidavits. It is quite apparent that since judgments on the pleadings, under Rule 12 (c), are heard on the pleadings, no extraneous matters are considered. It is equally apparent that motions made under certain paragraphs of 12(b), viz., sub-paragraphs 2 to 5, and 7, contemplate extraneous affidavits or other matters and are not determined on the pleadings alone. Obviously, motions under some of these provisions could not be determined on the complaint alone. Many courts had allowed affidavits to be filed and considered especially with reference to motions under Rule 12(b) (6) and in order to formalize the procedure an amendment, effective March 19, 1948,

provided that motions made under Rule 12 (b) (6) in which matters outside the pleadings are presented and not excluded by the court, such motions are treated as motions for summary judgment and disposed of as provided in Rule 56.

This, then, brings me to a consideration of Hart & Co. v. Recordgraph Corp., 3 Cir., 169 F.2d 580, so material in this case. An understanding of the case can best be had by a knowledge of the underlying facts.

In the District Court, 73 F.Supp. 146, Hart had filed a declaratory judgment action concerning the validity and infringement of certain patents. The complaint alleged in most general terms that the defendant had charged the plaintiff with infringement but had failed to institute any action based on such infringement. Pursuant to interrogatories of the defendant directed to the plaintiff and seeking the foundation of the threat or "controversy," the plaintiff relied upon an oral conversation between one Murray, treasurer of the defendant, and one Weber at a stipulated place in Washington when they alone were present. Murray filed an affidavit giving his view of the exact facts of the interview and explicitly denied any threat of any kind. Weber filed no affidavit concerning the interview and no discovery process obtained his version and no affidavit was filed by any one having a personal knowledge of the facts of the interview other than Murray. The plaintiff filed two affidavits from William H. Taylor, Jr. and Thomas C. Smith alleging conversations with Weber and purporting to give the substance of such conversations from which it was contended that Weber's recollection of the interview with Murray would be at variance with Murray's statement. The District Court did not consider that these two affidavits had evidential value but considered them as merely "hearsay" and not within the spirit of Rule 56(e) where, in supporting or opposing affidavits for sum-

prospective customers of plaintiff, Amercoat Corporation, that the composition coating produced by plaintiff, Amercoat Corporation, as aforesaid constitutes an infringement of said patent No. 2,509,875, and that litigation would be instituted by

defendant against plaintiff, Amercoat Corporation, or its customers, for infringement of said patent because of the making and selling of the protective coating known as 'Dimetcote' by plaintiff, Amercoat Corporation, as aforesaid."

476

mary judgment, it is required that such affidavits be made on personal knowledge and show affirmatively that the affiant was competent to testify as to the matters stated therein. The District Court then had before it only the general threat alleged in the complaint, localized and specified to one interview in Washington and, as it was thought, only one admissible affidavit which specifically denied any threat of any nature at that interview.

The District Court held that no justiciable controversy had been shown to exist between the parties at the time of filing of the complaint and that the court had no jurisdiction to render the declaratory judgment prayed for and dismissed the complaint.

This action was reversed by the Circuit Court in Hart & Co. v. Recordgraph Corp., 3 Cir., 169 F.2d 580, 583. It is not entirely clear whether the reversal was based upon the acceptance by the Circuit Court of the two affidavits reciting the conversation with Weber which the District Court had considered without evidential value, or whether the Circuit Court held that the general allegation of a threat in the complaint could not be affected by any affidavit or subsequent proceedings and therefore no affidavit filed in the case was of value.

As indicative of the fact that the Circuit Court considered the two affidavits of the plaintiff reciting the conversation with Weber which had been rejected by the District Court, the Circuit Court said, "The foregoing clearly establishes the existence of a fact issue with respect to what was actually said by Murray to Weber." The Court, however, also said, "An affidavit cannot be treated, for purposes of the motion to dismiss, as proof contradictory to well-pleaded facts in the complaint." In citing, with approval, a quotation from Carroll v. Morrison Hotel Corporation, 7 Cir., 149 F.2d 404, as to the weight and validity given to well-pleaded facts, the Circuit Court, in Hart & Co. v. Recordgraph Corp., italicizes and accents the statement, "This includes facts alleged on information and belief." Of course, all authorities agree that when a genuine fact issue is raised a

motion for summary judgment cannot be sustained by a balancing of the averments.

■ This then brings me to a direct consideration of the present motion for summary judgment embracing the complaint and affidavits filed and tested in the light of Hart Co. v. Recordgraph Corp. The present complaint, insofar as material, is set out in footnote 4. It shows an unverified complaint executed by counsel pursuant to Rule 11. It shows a general allegation of a threat made on information and belief. Hart & Co. v. Recordgraph Corp. has said or intimated that statements on information and belief are well pleaded allegations which cannot be contradicted by affidavits. It seems impossible to escape the view that Hart & Co. v. Recordgraph Corp. has precisely held that the allegation in this case establishes the existence of a question of fact which precludes the granting of a summary judgment.

It may be suggested that Hart & Co. v. Recordgraph Corp. considered a motion to dismiss rather than a motion for summary judgment. Such distinction seems not to be borne out. In the District Court there was (1) a motion to dismiss under Rule 12(b)(1) in that the court had no jurisdiction of the subject matter of the declaratory judgment; and (2) a motion for summary judgment. Both were directed to the question that no justiciable controversy existed at the time the complaint was filed and this was the finding of the court below and reversed on appeal.

It is a matter of delicacy for one court, and especially an inferior court, to attempt to limit or circumscribe the pronouncement of an appellate court when the latter has not done so and especially in this case, since Hart & Co. v. Recordgraph Corp. was again considered in Reynolds Metals Co. v. Metals Disintegrating Co., 3 Cir., 176 F.2d 90, 92, where it is said, "we reiterate the position we expressed in the Frederick Hart opinion."

The motion for summary judgment I feel compelled to refuse on the authority of Hart & Co. v. Recordgraph Corp.

■ Recognizing that in a declaratory judgment action an issue and very basis

is the existence of a justiciable controversy between the parties, and in a motion for summary judgment the existence of a disputed question of fact precludes the granting of such motion, it may well be that the framers of the rules have provided, by Rule 42(b), a method by which a separate and preliminary trial may be had of a fundamental issue, thereby possibly avoiding the inconvenience, expense and delay of a protracted trial.

### 3. *Motion to Dismiss Under Rule 12(b)*

The motion to dismiss under Rule 12(b) is an elaborate motion consisting of some 23 grounds and specifically covering all of the paragraphs of the second cause of action in the complaint except paragraphs 9 and 15. These two paragraphs are, in turn, included in ground No. 21 which is a general ground to embrace the entire second cause of action.[4(a)]

No compensating advantage can be obtained by a lengthy discussion of each individual paragraph of the complaint and the objections thereto. It is sufficient to state that the objections fall into three general categories or classes, viz.:

1. That the facts set out in paragraphs 1 to 8, 10 to 14, and 16 to 22 of the complaint do not constitute any averment of a justiciable controversy invoking the jurisdiction of a declaratory judgment action. The objections are raised by paragraphs 10 to 21 of the motion to dismiss.

2. It is objected by paragraphs 1 to 4 of the motion that paragraphs 23, 28 and 29 of the complaint should be stricken as improper attempts to collaterally impeach a United States Letters Patent held by the defendant; and

3. Paragraphs 5 to 9 of the motion seek the striking out of paragraphs 6, 23, 24, 25 and 26 of the complaint, in whole or in part, because they allege a foreign prior use or prior knowledge of the subject of the patent which is insufficient, in itself, to defeat a United States Letters Patent.

The categories will be considered in their order.

1. It is not entirely clear under which subparagraph of Rule 12(b) the motions are made. Each category of the motion does seem to constitute a defense in law or fact to a claim for relief in the complaint which is the criterion for a motion under Rule 12(b). The only materiality of considering the sub-section under which the motion is made arises from the affidavits filed in the action and not excluded by the court which would make a motion under Rule 12(b) (6) to be treated and disposed of as a motion for summary judgment under Rule 56. Certain affidavits have been considered in this case in the motion for summary judgment hereinbefore discussed. If the motion included in what I call category (1) is filed under Rule 12(b) (6), then the presence of the affidavits which have not been excluded in the case might require this category to be considered under Rule 56. If the motion is filed under Rule 12(b) (1), such action would be improper. If the motion is filed under Rule 12(b) (6) and considered as a motion for summary judgment, the result would not necessarily be determined by the former conclusion of the separate motion for summary judgment for it might be necessary to determine whether the allegations of the complaint constitute well-pleaded facts. This seems quite unnecessary. It is not required that each individual paragraph of the complaint should contain the jurisdictional fact of a justiciable controversy. It is sufficient if such fact be clearly spelled out from a consideration of the complaint as a whole. Paragraph 15, which is not specifically attacked in this motion, did allege a justiciable controversy. I have determined that summary judgment should not be granted as to it. Consequently that allegation remains in the complaint and I am of the opinion that the present motion as embraced in the first category and as alleging the lack of a justiciable con-

---

4(a). The briefs contain an extensive argument concerning a so-called "super-fine dust" supposedly involved in the patent of the defendant or in the process under it but this opinion deals only with the legal questions directly involved in the motions.

troversy must be denied and paragraphs 1 to 8, 10 to 14, and 16 to 22 will not be stricken.

█ 2. The second category of the motion seeks to strike paragraphs 23, 28 and 29 of the complaint on the ground that by alleging fraud in the procurement of a patent the plaintiffs seek to collaterally impeach the validity of a United States Letters Patent. That a proceeding by the United States itself is the sole method whereby a patent can be cancelled or annulled for fraud in the procurement of the patent seems too clear for argument.[5]

█ The plaintiff does not dispute the correctness of this principle but contends that allegations and proof of fraud by the defendant in obtaining the patent are admissible to prevent the defendant from profiting from his own wrong. This is simply an application of the equitable doctrine of unclean hands. It seems, however, that the doctrine should not be applied except where the person guilty of inequitable conduct was himself seeking relief in the court either in an original proceeding or by affirmative counterclaim. It has seldom or never been applied to one not seeking judicial relief but merely brought there at the suit of another.[6]

In E. W. Bliss Co. v. Cold Metals Process Co., 6 Cir., 1939, 102 F.2d 105, 110, this precise principle was applied in a case indistinguishable on the facts from the present case. There in a declaratory judgment action the complaint alleged that the patents of the defendant, there in issue, were invalid because of "fraud and deception in the securing of said patents." The lower court struck these allegations from the complaint. The Circuit Court held that the allegations had been properly stricken from the complaint with a reservation of the right of further consideration of

amendments to the complaint restoring the allegations if the defendant subsequently sought affirmative relief.

In the Bliss case the defendant had made a motion to dismiss the complaint. In the present case the defendant has moved for summary judgment. Neither action is such a seeking of affirmative relief by the defendant as to make applicable to him the doctrine of unclean hands.

Paragraphs 23, 28 and 29 of the complaint should be stricken from the complaint subject to future consideration as indicated above if the present defendant should seek affirmative relief.

3. The third category of the motion to dismiss, by grounds 5 to 9, seeks to strike paragraphs 6, 23, 24, 25 and 26 of the complaint, in whole or in part, because they allege a foreign prior use or prior knowledge of the subject of the patent of the defendant which is, as it is contended, insufficient to defeat a United States Letters Patent.

█ There can be little doubt of the correctness of the defendant's basic argument, viz., that a prior foreign use or a prior foreign knowledge of the subject matter of a United States Letters Patent, unaccompanied by a foreign patent or by a foreign publication, will not defeat the United States Letters Patent.

Indeed, this principle is not disputed by the plaintiff. The plaintiff, however, insists that a prior foreign use and a foreign prior knowledge of the subject matter of the patent brought home to and clearly within the knowledge of the claimed inventor of the United States Letters Patent has a bearing upon the fact as to whether the claimed inventor was, in fact, such inventor or believed himself to be such within the meaning of 35 U.S.C. Sec. 31.

5. Hazel-Atlas Glass Co. v. Hartford Empire Co., 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250; U. S. ex rel. Baldwin Co. v. Robertson, 265 U.S. 168, 44 S.Ct. 508, 68 L.Ed. 962; Briggs v. United Shoe Machinery Co., 239 U.S. 48, 36 S.Ct. 6, 60 L.Ed. 138.

6. Leland v. Ford, 245 Mich. 599, 223 N.W. 218; Thomas v. Flanagan, 99 N.J.Eq.

198, 132 A. 305; Phillips v. Phillips, 118 N.J.Eq. 189, 178 A. 265, reversed in part on other grounds 119 N.J.Eq. 462, 497, 183 A. 220, 222; Commonwealth Finance Corp. v. McHarg, 2 Cir., 282 F. 560, 569; E. H. Taylor, Jr., & Sons v. Julius Levin Co., 6 Cir., 274 F. 275, 282. See, however, Commonwealth v. Filiatreau, 161 Ky. 434, 170 S.W. 1182.

A reading of the basic law of patents as set out in the various sections of 35 U.S.Code make certain things clear. In 35 U.S.C. Sec. 31 it is provided that a person who has invented or discovered a new thing, as described therein, may obtain a patent under the stipulations set out in the Section. By 35 U.S.C. Sec. 35 an applicant for a patent must make oath that he verily believes that he is the first inventor or discoverer of the thing for which he seeks a patent. 35 U.S.C. Sec. 72 provides that whenever it appears that a patentee, at the time of making his application for the patent, believed himself to be the original and first inventor or discoverer of the thing patented, the same shall not be void on account of the invention or discovery having been known or used in a foreign country before his invention or discovery if it had not been patented or described in a printed publication.

For some time after the passage of what is now 35 U.S.C. Sec. 72 in 1870 it was thought that this section furnished an additional proviso concerning the novelty of the invention as affected by a foreign prior use or prior foreign knowledge not accompanied by a foreign patent or publication and as affecting the belief that an inventor had as to the originality of his invention at the time of his application for the United States Letters Patent.[7]

In American Sulphite Pulp Co. v. Howland Falls Pulp Co., 1 Cir., 1897, 80 F. 395 where knowledge of foreign use, unpatented and unpublished, had been obtained prior to the application for a United States Letters Patent but subsequent to the invention or discovery leading to the application, such foreign use was held not to invalidate the United States Letters Patent. Subsequent authorities[8] explain that 35 U.S. C. Sec. 72, under the circumstances just stated, has no application, but that such matters are subject to the operation of 35 U.S.C. Sec. 31, Sec. 4886 Revised Statutes.

If he who obtained a United States Patent had knowledge of a mere foreign use or knowledge of the subject matter of the patent unaccompanied by a foreign patent or publication, but such knowledge of foreign use or knowledge came to him after his own invention or discovery but before his application for a patent, then, under American Sulphite Pulp Co. v. Howland Falls Pulp Co., supra, such foreign use or knowledge would not invalidate the United States Patent.

When, however, one who obtains a United States Patent knows of such foreign use and foreign knowledge prior to the time of any claimed invention or discovery of his own, then he may be a mere importer of ideas rather than an original inventor. Under such circumstances his action in claiming to be an original inventor under 35 U.S.C. Secs. 31 and 35 may be subject to inquiry, but, like any fraud in the procurement of the patent, this question may only be raised by the United States itself. When, however, under such circumstances and as between private parties the patentee becomes the affirmative actor seeking advantage from his own wrong, then his action may invoke a consideration of the equitable maxim that he who comes into equity must come with clean hands considered in the former category to which, indeed, this present category bears a strong analogy.

There are cases like Roemer v. Simon, 95 U.S. 214, 218, 24 L.Ed. 384, where in an action between private parties it is said that, while it is clear that proof of prior use in a foreign country will not supersede a patent granted here unless the alleged invention was patented in some foreign country, yet proof of such foreign use if known to the applicant of the patent may be evidence to show that he is not the inventor of the alleged new improvement.

In the Roemer case he who was charged with knowledge of foreign use was himself an actor seeking affirmative relief in infringement proceedings. In the present case he who is to be charged with knowledge of prior foreign use has sought no

---

7. It was so stated in Walker on Patents, 1st Ed. (1883); 2nd Ed. (1889); and 3rd Ed. (1895).

8. Walker on Patents, 4th Ed. (1904); 5th Edition (1917); 6th Edition (1929); and Dellers Edition (1937).

affirmative relief and as to him the equitable doctrine of unclean hands cannot apply as indicated under the preceding category.

The paragraphs of the complaint objected to in this category must be stricken subject to reconsideration for reinstatement if the present defendant should seek affirmative relief.

An appropriate order may be submitted.