## BRIGGS *v.* UNITED SHOE MACHINERY COMPANY.

### APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 638. Submitted October 12, 1915.—Decided November 1, 1915.

A suit for royalties reserved upon the sale of a patent right is not a suit arising under the patent laws and the District Court does not have jurisdiction on that ground.

The bill in this case does not present a case in equity within §§ 4915 or 4918, Rev. Stat.

The general powers of the Federal courts when sitting as courts of equity can only be exerted in cases otherwise within the jurisdiction of those courts as defined by Congress.

Only the United States can maintain a bill for the annulment of a patent on the ground of its procurement by fraud.

THE facts, which involve the jurisdiction of the District Court of the United States in cases arising under the patent laws, are stated in the opinion.

*Mr. William A. Milliken* for appellant.

*Mr. Horace A. Dodge* and *Mr. Alex. D. Salinger* for appellee.

Memorandum opinion by MR. JUSTICE VAN DEVANTER, by direction of the court.

Whether this suit between citizens of the same State is one arising under the patent laws is the only question presented by this direct appeal under Jud. Code, § 238. The District Court gave a negative answer to the question and dismissed the suit for want of jurisdiction.

The bill shows that its dominant and ultimate object is to enforce payment of royalties reserved to the plaintiff by a contract whereby he sold to the defendant certain existing and contemplated patents for improvements in shoe-sewing machines, and that to clear the way for a recovery of all the royalties claimed it seeks the annulment of a patent for such an improvement issued to Andrew Eppler after the contract and then assigned to the defendant, and also an adjudication that the plaintiff is entitled to a patent for the improvement covered by the Eppler patent.

A suit for royalties reserved upon the sale of a patent right is not a suit arising under the patent laws. This is settled by repeated decisions. *Albright* v. *Teas*, 106 U. S. 613; *Excelsior Wooden Pipe Co.* v. *Pacific Bridge Co.*, 185 U. S. 282, 285; *Geneva Furniture Co.* v. *Karpen*, 238 U. S. 254, 259, and cases cited.

While the patent laws (Rev. Stat., §§ 4915, 4918) permit an applicant for a patent whose application has been refused by the Commissioner of Patents, or by the Court of Appeals[1] of the District of Columbia upon appeal from the Commissioner, to establish his right to receive a patent by a suit in equity, and also permit a patentee to maintain a suit in equity against the owner of an inter-

---

[1] See § 9, act February 9, 1893, c. 74, 27 Stat. 434.

fering patent to annul the latter, the present bill falls so far short of presenting a case within either section that it reasonably cannot be said to invoke the application of either. Recognizing that this is so, counsel for the plaintiff in his brief not only frankly concedes that he finds no statute in point, but endeavors to maintain the jurisdiction of the District Court by a reference to the general powers of Federal courts when sitting as courts of equity, evidently forgetting that such powers can be exerted only in cases otherwise within the jurisdiction of those courts as defined by Congress.

Some stress is laid in the brief upon portions of the bill charging fraud in the procurement of the Eppler patent, but as only the United States can maintain a bill to annul the patent on that ground (*Mowry* v. *Whitney*, 14 Wall. 434; *United States* v. *Bell Telephone Co.*, 128 U. S. 315, 368; *United States* v. *American Bell Telephone Co.*, 159 U. S. 548, 555) these allegations cannot affect the solution of the question of jurisdiction here presented.

Our conclusion is that this is not a suit arising under the patent laws.

*Decree affirmed.*