ODELL v. F. C. FARNSWORTH CO. et al.*

(District Court, S. D. New York. April 5, 1917.)

No. 70.

COURTS ⬠290—JURISDICTION OF FEDERAL COURTS—SUITS ARISING UNDER PATENT LAWS.

A suit for an accounting for royalties under a contract granting an exclusive license to manufacture a patented device is not one arising under the patent laws, and where the sum involved is less than $3,000 a federal court is without jurisdiction.

In Equity. Suit by William H. Odell against the F. C. Farnsworth Company and the Farnsworth Manufacturing Company. On motion by defendants to dismiss for want of jurisdiction. Motion granted.

Samuel E. Darby, of New York City, for plaintiff.
Rogers, Kennedy & Campbell, of New York City, for defendants.

MANTON, District Judge. When this case was reached on the calendar for trial, counsel for the defendants moved to dismiss the bill, claiming that the court was without jurisdiction. It appears from an examination of the bill that the plaintiff is a citizen and resident of this district, that the defendant F. C. Farnsworth Company is a Delaware corporation, and the defendant Farnsworth Manufacturing Company is a Massachusetts corporation. The suit is for an accounting.

The bill alleges the plaintiff was the inventor of a new and useful invention in steam traps, and that by an instrument in writing dated September 8, 1914, the plaintiff granted unto the defendant F. C. Farnsworth Company the sole and exclusive right to manufacture and sell the apparatus; that he was to receive $100 within six months from the date of the execution of the instrument and $5 upon each apparatus sold by said company, until he had received the sum of $1,800 in royalties. Thereafter the Farnsworth Manufacturing Company took over the assets and liabilities of the F. C. Farnsworth Company. The bill further alleges that the defendants have sold a large number of steam traps covered by the patent, and on which royalties, as aforesaid, have accrued, and have not been paid, except that the defend-

ants did account and pay for five steam traps. An accounting is then prayed for.

The motion to dismiss the bill must be granted. While there is a diversity of citizenship, the amount involves appears to be less than $3,000. Counsel argues, however, that the question of liability involves the infringement of plaintiff's patent. I differ from this view. The action is really one for breach of contract, and in no way involves a determination of whether the patent has been infringed. The recent authority of Briggs v. Shoe Co., 239 U. S. 48, 36 Sup. Ct. 6, 60 L. Ed. 138, is controlling, and I must follow it. There it is said:

"The bill shows that its dominant and ultimate object is to enforce payment of royalties reserved to the plaintiff by contract and whereby he sold to the defendant certain * * * patents."

It was held merely a suit under a contract, and not a suit arising under the patent laws. The case not being one under the patent laws, and the sum involved being less than $3,000, this court has not jurisdiction. Judicial Code (Act March 3, 1911, c. 231) § 24, 36 Stat. 1091 (Comp. St. § 991). A defense of jurisdiction may be raised at the trial or at any time before the trial. Judicial Code, § 37 (Comp. St. § 1019).

The case of Albright v. Teas, 106 U. S. 613, 1 Sup. Ct. 550, 27 L. Ed. 295, is also an authority which requires the dismissal of this action for want of jurisdiction.

The bill is dismissed, with costs.