1010

Fred F. REASONER, as Receiver, etc., Appellant, v. Charles D. WILDER et al., Appellees.

No. 93.

Circuit Court of Appeals, Second Circuit.

Dec. 14, 1936.

Albert T. Wilkinson, of Camden, N. Y., for appellant.

James C. Feeney, of Mexico, N. Y., for Charles D. Wilder.

J. & W. M. Gallagher, of Cleveland, N. Y., for defendants Fred B. Rich and H. Louis Wallace.

Merritt A. Switzer, of Pulaski, N. Y., for defendants Grant Farrington and Hartwell Douglass.

Lynn W. Smith, of Pulaski, N. Y., for defendant Walter A. Cuthbertson.

Estabrook, Estabrook & Harding, of Syracuse, N. Y. (William H. Harding, of Syracuse, N. Y., of counsel), for defendant Syracuse Trust Co. as executor.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

PER CURIAM.

Judgment affirmed on the authority of Meeker v. Brewer (C.C.A.2) 86 F.(2d) 645, decided November 30, 1936.

RECONSTRUCTION FINANCE CORPORATION v. The DENVER & RIO GRANDE WESTERN RAILROAD COMPANY, Debtor, et al.

No. 1441.

Circuit Court of Appeals, Tenth Circuit.

Dec. 8, 1936.

J. A. Marsh, of Denver, Colo., for appellant.

Before LEWIS and PHILLIPS, Circuit Judges.

PER CURIAM.

Appeals dismissed on application of appellant.

The REEVES MANUFACTURING COMPANY, Appellant, v. The LOME COMPANY and the Stay-On Manufacturing Company, Appellees.*

No. 7220.

Circuit Court of Appeals, Sixth Circuit.

Nov. 5, 1936.

Frease & Bishop, of Canton, Ohio, for appellant.

Fay, Oberlin & Fay, of Cleveland, Ohio, for appellees.

Before HICKS and ALLEN, Circuit Judges, and HAHN, District Judge.

PER CURIAM.

It appearing from the bill of complaint that the two defendants are separate corporations, and that it is nowhere alleged that any agency exists between the said defendants as to the matters averred in the bill of complaint,

And it also appearing from the bill of complaint that one of the causes of action alleged therein pertains to the liability of the plaintiff for royalties under a license agreement covering Loeber patent No. 1,-358,380, and that all of the parties thereto are residents of the State of Ohio, and that the District Court has no jurisdiction as to said cause of action for royalties, Briggs v. United States, 239 U.S. 49, 36 S.Ct. 6, 60 L.Ed. 138; General Motors Corp. v. Rubsam Corp., 65 F.(2d) 217, 218 (C.C.A. 6);

The order of the District Court dismissing said bill of complaint for misjoinder of parties and for misjoinder of causes of action is hereby affirmed, and appellant's bill is dismissed without prejudice.