## ENGLER v. GENERAL ELECTRIC CO.

District Court, S. D. New York.
July 31, 1939.

Richard A. Engler, in pro per.

Alexander C. Neave, of New York City, for defendant.

HULBERT, District Judge.

Motion to dismiss amended complaint granted with leave to amend within 20 days.

The plaintiff is an inventor. He appears in personam and is not a lawyer. His original complaint was amended. The amended complaint relates to six patents. One (Engler U.S.Patent No. 1,492,972) is owned by the plaintiff, and the others (Alexanderson U.S.Patents, Nos. 1,993,-581, 1,937,377, 1,939,428, 1,939,429, 1,954,-661) are owned by the defendant.

The amended complaint alleges certain claims with respect to these patents:

1. It seeks a cancellation of the Alexanderson patents for alleged fraud in their prosecution and issue.

2. Damages for the same alleged fraud.

3. It prays for a declaratory judgment against the Alexanderson patents under Sec. 274d of the Judicial Code, 28 U.S.C. § 400, 28 U.S.C.A. § 400.

4. Infringement of the Engler patent under R.S. § 4919, 35 U.S.C.A. § 67, and

5. Interference between the Engler and the first listed Alexanderson patent, under R.S. § 4918, 35 U.S.C.A. § 66.

Defendant moved pursuant to Rule 12 (b) (1), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to dismiss the action because the court lacks jurisdiction over the subject matter of the suit.

A private litigant may allege facts which constitute a fraud or which makes the granting of a patent a mistaken one, as a defense to an infringement suit (Walker on Patents, 6th Ed., Sec. 382) but only the Government may sue to repeal a patent which the United States officials have fraudulently been induced to grant, and such an action *must be brought through* the United States District Attorney under the direction of the Attorney General of the United States prompted by the Commissioner of Patents, or by any private citizen.

In United States ex rel. Baldwin Co. v. Robertson, 265 U.S. 168, at page 180, 44 S.Ct. 508, 510, 68 L.Ed. 962, the court said: "After a patent issues, there is no proceeding provided by which a patent can be cancelled except on suit of the United States. Mowry v. Whitney, 14 Wall. 434, 439, 20 L.Ed. 858; United States v. American Bell Tel. Co., 128 U.S. 315, 368, 370, 9 S.Ct. 90, 32 L.Ed. 450; United States v. American Bell Tel. Co., 159 U.S. 548, 555, 16 S.Ct. 69, 40 L.Ed. 255; Briggs v. United Shoe Machinery Co., 239 U.S. 48, 50, 36 S.Ct. 6, 60 L.Ed. 138. That is true."

Nor can the plaintiff maintain a cause of action for damages for fraud because there is a lack of diversity of citizenship, both plaintiff and defendant being residents of the State of New York.

The original complaint was entitled: "Petition for Declaratory Judgment * * " and alleged that the court had jurisdiction under the Declaratory Judgment Act. While that complaint was amended, the amended complaint retains in the prayer for relief that "the G. E. Co. patents be invalidated."

Federal jurisdiction exists when a case arises under the Patent Laws (Judicial Code, § 24(7), 28 U.S.C. § 41(7), and is limited, so far as I am aware, in actions for a declaratory judgment, to that class of cases where the plaintiff has been accused of infringing the defendant's patent and without waiting for the defendant to bring an infringement suit, seeks a declaratory judgment on the issues of validity and infringement. Examples are to be found in: Zenie Bros. v. Miskend, D.C.S.D.N.Y., 1935, 10 F.Supp. 779; Automotive Equipment v. Trico Products Corp., D.C.S.D.N.Y.1935, 10 F.Supp. 736; Derman v. Gersten, D.C.E. D.N.Y.1938, 22 F.Supp. 877; Sure-Fit Product Co. v. Fry Products, D.C.S.D. N.Y.1938, 23 F.Supp. 610; Edelmann & Co. v. Triple-A Specialty Co., 7 Cir., 1937, 88 F.2d 852.

In Frost Ry. Supply Co. v. Symington & Son, Inc., D.C.Md., 1938, 24 F.Supp. 20, a declaratory judgment was sought, construing a patent license contract. Jurisdiction was based on diversity of citizenship, and although, as the court said the suit emerged "from a background of patent law" (page 21), it did not arise under the patent laws. A motion to dismiss was sustained in International Harvest Hat Co. v. Caradine Hat Co., D.C.E.D.Mo., 1935, 17 F.Supp. 79, because the controversy arose out of the competitive position of the parties in the trade and not out of the patent laws.

The amended complaint alleges jurisdiction under R.S. §§ 4918, 4919 and 4920, 35 U.S.C.A. §§ 66, 67, 69. Section 4918 provides a special and complete remedy for the case of interfering patents; Section 4919 authorizes an action for damages for patent infringement and Section 4920 enumerates the defenses open to a defendant in infringement suits.

The plaintiff stated on the argument that he claimed a cause of action for interference but there is no clear allegation of fact in his amended complaint that the patents interfered. He also stated that he claims a cause of action for infringement but there is no direct allegation of the manner in which defendant infringed plaintiff's patent, or when, how, and where it took place.

The defendant has also moved, pursuant to Rule 12(f), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to strike out certain portions of the amended complaint. The following should

be eliminated: The words "and fraud;" in the introductory paragraph; the last sentence of paragraph 1; the last sentence of paragraph 2; the words "—Hodges—now deccased, who was bitter on me," in paragraph 3; the words "and was manipulated for a purpose, as hereinafter explained"; also "by inadvertence, or better, by design. Thru this manipulating of the Alexanderson application" paragraph 4; all of paragraphs designated 5, 6, 7, 8, 9, 10, 11 and 12; all of paragraph 13 after the word "invention" in the first line at the top of page 5, and that portion of paragraph designated 14, reading "(Revised July 1, 1938) pages 29-30 and 31 Patent Office pamphlet. Interference and infringement are really the same thing"; and in the prayer for relief the words "that he be paid damages by the G. E. Co."

Defendant's counsel has been commendably indulgent. The plaintiff himself has expressed his appreciation of this and his desire to be cooperative in perfecting his pleading, and the court, of course, is anxious to be helpful under the circumstances.