### HOWARD v. ARCHER et al.

#### No. 9480.

Circuit Court of Appeals, Ninth Circuit.

Nov. 2, 1940.

Calvin S. Mauk, of Los Angeles, Cal., for appellant.

James Westervelt and Mac A. Propp, both of Los Angeles, Cal., for appellees.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from a judgment dismissing the complaint of appellant Howard on the ground (1) that it contains no cause of action cognizable in the United States District Courts and (2) that no diversity of citizenship exists conferring jurisdiction in the district court.

Appellant claims such jurisdiction on the alleged fraudulent action of one of the defendants, Thomas Midgley, Jr., in stealing an alleged secret chemical formula, claimed to have been discovered by Howard, for the use of tetraethyl lead to increase the explosive force of gasoline, which formula Midgley allegedly falsely claimed to have discovered and for which, by such fraudulent claim, he procured the issue of a patent under the United States patent laws.

There is no statute creating in the federal courts jurisdiction to entertain an action for the cancellation of the patent by one so claiming to have been defrauded. United States ex rel. Baldwin Co. v. Robertson, 265 U.S. 168, 180, 44 S.Ct. 508, 68 L.Ed. 962; Briggs v. United Shoe Machinery Co., 239 U.S. 48, 50, 36 S.Ct. 6, 60 L.Ed. 138; Mowry v. Whitney, 14 Wall. 434, 81 U.S. 434, 439, 20 L.Ed. 858; Carson Inv. Co. v. Anaconda Copper Co., 9 Cir., 26 F.2d 651, 660.

The complaint also alleges that various other defendants have conspired to deprive Howard of his alleged exclusive right to use such formula by an assignment procured by fraud and also of other property alleged to be similarly procured. No diversity of citizenship between the plaintiff Howard and the alleged conspiring defendants is alleged. Addresses are given of Howard as on a certain street in Los Angeles, California, and of two of the alleged conspiring defendants, one in Long Beach, California, and one in Santa Monica, California. There is no jurisdiction based upon diversity of citizenship. The judgment dismissing the complaint was not error.

The judgment below also purported to hold that the cause of action set forth in the complaint is barred by a previous ad-

judication in the Court of Chancery of New Jersey. In the absence of jurisdiction, it was error to adjudge that the complaint was so barred.

Judgment is affirmed so far as it dismisses the complaint for lack of jurisdiction and reversed insofar as it holds that the cause of action is barred by the adjudication in the Court of Chancery of New Jersey.

Affirmed in part and reversed in part.