**LEAVER v. PARKER et al.**

No. 9671.

Circuit Court of Appeals, Ninth Circuit.

July 17, 1941.

Rehearing Denied Aug. 28, 1941.

Booth B. Goodman, of Oakland, Cal., for appellant.

Herbert L. Thompson, of Riverside, Cal., for appellee Citizens Trust and others.

Herbert W. Clark and Boice Gross, both of San Francisco, Cal., for appellee Food Mach. Corporation and others.

Allan P. Matthew and Edwin S. Pillsbury, both of San Francisco, Cal., and Ross O. Hinkle, of Chicago, Ill. (Morrison, Hohfeld, Foerster, Shuman & Clark and Mc-Cutchen, Olney, Mannon & Greene, all of San Francisco, Cal., of counsel), for appellee Signode Steel Co. and others.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

MATHEWS, Circuit Judge.

This appeal is from a summary judgment in an action by appellant[1] against appellees[2] and others[3] in the District Court of the United States for the Northern District of California.

The District Court's jurisdiction was invoked upon the ground that the action was one arising under the patent laws and the anti-trust laws. No other ground of jurisdiction was asserted. Jurisdiction was not predicated upon diversity of citizenship and

---

[1] James M. Leaver, Jr., a citizen of California.

[2] Donald Parker and Citizens National Trust & Savings Bank of Riverside, California, as administrators with the will annexed of the estate of George D. Parker, deceased; Parker Machine Works, Incorporated, a California corporation; Wire Tie Machinery Company, a California corporation; Signode Steel Strapping Company, a Delaware corporation; Food Machinery Corporation, a Delaware corporation; and John D. Crummey.

[3] Minnie Amanda Evans and John W. Leslie.

could not be, for appellant and several of the appellees are citizens of the same State.

The complaint was filed on September 20, 1938, and was amended on July 14, 1939. Appellees answered the amended complaint and, pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c,[4] moved with supporting affidavits for a summary judgment in their favor. Appellant filed and served opposing affidavits. The motions were heard and granted, and judgment for appellees was accordingly entered. This appeal followed.

■ The pleadings and affidavits showed that the action did not arise under the patent laws or the anti-trust laws and did not really and substantially involve any dispute or controversy properly within the jurisdiction of the District Court. Therefore, instead of entering judgment on the merits, the court should have dismissed the action for want of jurisdiction. Judicial Code, § 37, 28 U.S.C.A. § 80.[5]

■ The action arose upon and involved the construction and interpretation of a contract which, among other things, granted a license for the manufacture and sale of machines embodying inventions for which patents had been issued or applied for. That, however, did not make it an action arising under the patent laws. Wilson v. Sandford, 10 How. 99, 101, 13 L.Ed. 344; Brown v. Shannon, 20 How. 55, 15 L.Ed. 826; Hartell v. Tilghman, 99 U.S. 547, 25 L.Ed. 357; Albright v. Teas, 106 U.S. 613, 616-620, 1 S.Ct. 550, 27 L.Ed. 295; Dale Tile Mfg. Co. v. Hyatt, 125 U.S. 46, 51-53, 8 S.Ct. 756, 31 L.Ed. 683; Marsh v. Nichols, Shepard & Co., 140 U.S. 344, 354-359, 11 S.Ct. 798, 35 L.Ed. 413; Wade v. Lawder, 165 U.S. 624, 627, 628, 17 S.Ct. 425, 41 L.Ed. 851; Geneva Furniture Mfg. Co. v. S. Karpen & Bros., 238 U.S. 254, 259, 35 S.Ct. 788, 59 L.Ed. 1295; Briggs v. United Shoe Machinery Co., 239 U.S. 48, 36 S.Ct. 6, 60 L.Ed. 138; Luckett v. Delpark, 270 U.S. 496, 502-511, 46 S.Ct. 397, 70 L.Ed. 703.

The contract referred to was made by George D. Parker, Charles E. Evans and appellant on October 19, 1922, was in effect continuously thereafter and, presumably, is still in effect. Parker died on August 24, 1930. Evans died on December 31, 1934. The only controversy which this action really and substantially involved was a controversy as to who were Parker's and Evans' successors in interest. The gravamen of the complaint was that appellees and their codefendants had claimed and were claiming to be such successors and had exercised and were exercising rights which the contract had vested in Parker and Evans; whereas, according to the complaint, appellant had succeeded to and was entitled to exercise all of said rights.

■ Appellant did not challenge the legality or validity of the contract or seek its avoidance. Instead, he relied on it and claimed under it, as did his adversaries. We therefore regard as frivolous appellant's characterization of his adversaries' acts as patent infringements and violations of the antitrust laws.

The judgment is modified so as to dismiss the action for want of jurisdiction. As thus modified, the judgment is affirmed.

---

4 "A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof. * * * The motion shall be served at least 10 days before the time specified for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that, except as to the amount of damages, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

5 "If in any suit commenced in a district court * * * it shall appear to the satisfaction of the said district court, at any time after such suit has been brought * * * that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said district court, * * * the said district court shall proceed no further therein, but shall dismiss the suit * * * and shall make such order as to costs as shall be just."