264

**ECKERT v. BRAUN.**
**Civil Action No. 2473.**

District Court, E. D. Wisconsin.
Sept. 6, 1945.

Brennan & Brennan, by Martin J. Brennan, all of Milwaukee, Wis., for plaintiff.

Olwell & Brady, by Bernard V. Brady, all of Milwaukee, Wis., for defendant.

DUFFY, District Judge.

Defendant moves to dismiss the action on the ground that this court lacks jurisdiction. The complaint, asserting that this action is brought under the Declaratory Judgment Act, 28 U.S.C.A. § 400, Judicial Code, Sec. 274(d), alleges that defendant illegally and wrongfully obtained possession of certain designs, drawings and formulas belonging to plaintiff's deceased husband, and that defendant used same in applying for two patents which were issued upon defendant's misrepresentations that he was the inventor. The relief asked for is that the defendant be enjoined from making any use of U. S. Patents Nos. 1,839,530 and 1,839,531; that such patents be adjudged invalid in the name of the defendant and that they belong to the plaintiff; that defendant be adjudged a trustee ex maleficio; that the court adjudge the designs, drawings and formulas were wrongfully converted and used by defendant; that defendant be required to account for all profits from the use of said designs, drawings and formulas; and that plaintiff recover damages for the conversion and fraud on the part of the defendant. Plaintiff admits that diversity of citizenship does not exist.

Plaintiff claims that this is a suit under the patent laws of the United States. Of course this court has jurisdiction of all suits at law or in equity arising under the patent laws in this district. 28 U.S.C.A. § 41(7). Such jurisdiction is exclusive. 28 U.S.C.A. § 371.

It is my opinion that the cause or causes of action which the complaint sets forth do not arise under the patent laws of the United States. Where diversity of citizenship is lacking, the fact that questions and issues are raised in connection with a patent is not sufficient to invoke the jurisdiction of this court.

In Friedman v. Washburn Co., 7 Cir., 145 F.2d 715, plaintiff sought to have defendant declared a trustee ex maleficio of a certain patent and also asked for an assignment of the patent and for an accounting and damages. The complaint alleged diversity of citizenship, and the requisite jurisdictional amount. The district court granted a motion made by defendant for judgment on the pleadings. The appellate

court said, 145 F.2d at page 717: "* * * But is it clear that appellant's complaint stated no cause of action? So far as we can see, this is true in only one respect, no facts were stated which entitled him to relief under the Declaratory Judgment Act. However, appellant also asserted jurisdiction on the ground of diversity of citizenship and the involvement of over $3000 in controversy. * * *"

In Becher v. Contoure Laboratories, Inc., et al., 279 U.S. 388, 49 S.Ct. 356, 73 L.Ed. 752, the action was brought in a New York State court, asking that defendant be adjudged a trustee ex maleficio of an invention and patent issued to him, and asking further relief similar to that asked in the case at bar. The proof established that one Oppenheimer, having conceived the invention, employed Becher as a machinist to construct the invented machine, and Becher agreed to keep secret and confidential the invention thus disclosed. Becher then applied for and obtained a patent based upon the invention. The Supreme Court said, 279 U.S. at page 390, 49 S.Ct. at page 357, 73 L.Ed. 752:

"It is not denied that the jurisdiction of the Courts of the United States is exclusive in the case of suits arising under the patent laws, but it was held below that the suit in the State Court did not arise under those laws. It is plain that that suit had for its cause of action the breach of a contract or *wrongful disregard of confidential relations, both matters independent of the patent law,* and that the subject matter of Oppenheimer's claim was an undisclosed invention which did not need a patent to protect it from disclosure by breach of trust. * * *" (Italics supplied)

The rule has been stated: "Where, in advance of the granting of a patent, an invention is disclosed to one who, in breach of the confidence thus reposed, manufactures and sells articles embodying the invention, such person shall be held liable for the profits and damages resulting therefrom, *not under the patent statutes,* but upon the principle that equity will not permit one to unjustly enrich himself at the expense of another." (Italics supplied) Hoeltke v. C. M. Kemp Mfg. Co., 4 Cir., 80 F.2d 912, 923; Chesapeake & O. Ry. Co. v. Kaltenbach, 4 Cir., 95 F.2d 801, 806; Saco-Lowell Shops v. Reynolds, 4 Cir., 141 F.2d 587, 598.

Nor can jurisdiction by this court be based upon the allegation that the patent is void because procured by fraud. Only the United States can maintain a suit for the annulment of a patent on the ground of its procurement by fraud. Briggs v. United Shoe Mach. Co., 239 U.S. 48, 36 S.Ct. 6, 60 L.Ed. 138. See also: Howard v. Archer et al., 9 Cir., 115 F.2d 342.

In Engler v. General Electric Co., D.C., 29 F.Supp. 421, it was held that while a private litigant may allege facts which constitute fraud or which make the granting of a patent a mistaken one as a defense to an infringement suit, only the government may sue to repeal a patent which the United States officials have fraudulently been induced to grant. The court further held that, lacking diversity of citizenship, an action for damages for alleged fraud in the prosecution and issue of a patent could not be maintained.

The motion to dismiss the complaint will be granted.