**MILLER v. LONG et al.**

No. 5430.

Circuit Court of Appeals, Fourth Circuit.

Dec. 10, 1945.

Henry T. Gaud and G. L. B. Rivers, both of Charleston, S. C. (Hagood, Rivers & Young, of Charleston, S. C., on the brief), for appellant.

Lionel K. Legge, of Charleston, S. C. (Legge & Gibbs and J. C. Long, all of Charleston, S. C., on the brief), for appellees.

Before SOPER and DOBIE, Circuit Judges, and BARKSDALE, District Judge.

DOBIE, Circuit Judge.

Sidney E. Miller, hereinafter called plaintiff, brought a civil action in equity in the District Court of the United States for the Eastern District of South Carolina seeking a declaratory judgment against L. D. Long and others, hereinafter called defendants, to the effect that a specified note and mortgage held by certain of the defendants be declared null and void. Defendants moved for dismissal of the bill for lack of jurisdiction, failure to state a cause of action, and for failure to seek appropriate relief under the circumstances.

No diversity of citizenship existed, so that it was necessary to establish the existence of a federal question in order to give jurisdiction to the District Court. The Court found that no such question was present and dismissed the bill on this ground only. From this order of dismissal plaintiff has appealed to us.

We state briefly the facts as alleged in the complaint. Plaintiff contracted with defendant Long, in 1939, that the latter would supply him with a home on a lot he selected in an area being developed by defendants, the agreed cost of the home ($4,500) to be financed in full by an FHA —insured mortgage loan, which defendant Long undertook to obtain. In due course, Long delivered a deed to the lot and Miller executed sundry papers purporting to relate to the insured mortgage loan. More than a year later, Miller discovered that among these papers which he signed was a note and second mortgage in substantial amount payable to defendant Howell, Long's father-in-law. This second mortgage was not presented for recordation until 1944. Since recordation, it has been assigned by Howell to a corporation, also made defendant in these proceedings.

The complaint also alleges that, in furtherance of this fraud, the defendant, Long, made extensive false statements to the Federal Housing Administration in applying for insurance of the first mortgage, such statements indicating that there was no second mortgage contemplated, that Miller had made substantial downpayments, and that his equity in the property had already been perfected. Finally, it is alleged that there are more than thirty other parties similarly situated, upon whom approximately identical frauds have been perpetrated by the same defendants.

The plaintiff's contention is that the fraud here complained of was not only against him but also against the Federal Housing Administration, since it was committed in order to procure the insured basic loan, and since FHA policy would not approve any loan made under the circumstances actually existing here; that the false statements made violated criminal provisions of the National Housing Act, 12 U.S.C.A. § 1701 et seq.; that these false statements and the fraudulent execution of the second mortgage were all part and parcel of a single scheme which must be considered as a unit; and that a decision of the instant case turns upon the interpretation of the National Housing Act, so that a substantial federal question is involved.

We do not find that the existence of a federal question is shown on these facts. If the facts alleged are correct, certainly a grievous fraud has been committed, which merits the closest investigation by the federal authorities, but that fact alone does not make a federal question out of a suit to annul the fraudulently procured second mortgage.

The general rule as stated in Dobie on Federal Procedure (§ 60, p. 164) is: "A case involves a federal question, so that the United States District Court has jurisdiction, when the plaintiff in good faith asserts a right the correct decision of which depends wholly or in part upon the construction or application of the Constitution, laws, or treaties of the United States. When the plaintiff predicates his right to relief upon the meaning or effect of the federal Constitution, laws, or treaties, and this is not colorable, the jurisdiction of the District Court is not defeated by the fact that there are other grounds of relief or questions not federal in character present in the case; and the District Court

will then decide all the questions involved in the case."

This test has not here been met. Plaintiff can obtain the complete relief sought in proceedings already commenced in the state courts and we are unable to find any substantial dispute as to the interpretation of any section of the National Housing Act (the only federal statute here involved) as a material factor in proceedings to set aside a fraudulently procured second mortgage. As stated by the Supreme Court in Carson v. Dunham, 121 U.S. 421, 427, 7 S.Ct. 1030, 1033, 30 L.Ed. 992: "The suit must be one in which some title, right, privilege, or immunity on which the recovery depends will be defeated by one construction of the constitution, or a law or treaty of the United States, or sustained by a contrary construction."

A civil action based upon a forged passport visa (in violation of the immigration laws of the United States) does not raise a federal question. Doidge v. Cunard S. S. Co., Ltd., 1 Cir., 19 F.2d 500. Neither does an action for libel based on statements contained in pleadings filed in a federal court. Thompson v. Standard Oil Co. of New Jersey, 4 Cir., 67 F.2d 644. Similarly, a suit for royalties reserved upon the sale of a patent right is not a suit arising under the patent laws, so as to involve a federal question. Briggs v. United Shoe Machinery Co., 239 U.S. 48, 36 S.Ct. 6, 60 L.Ed. 138, and cases there cited. And an action against a national bank to recover state taxes levied against a predecessor bank and assumed by the defendant pursuant to contract raises no federal issue merely because the original tax levy was authorized by federal statute. Gully v. First National Bank in Meridian, 299 U. S. 109, 57 S.Ct. 96, 81 L.Ed. 70.

Reduced to its essentials, plaintiff's case is one of fraud in the factum, that he was led to sign the instruments involved by the false and fraudulent statements of Long as to the nature and contents of these instruments. Plaintiff's civil rights derive solely from the State law; the National Housing Act is silent in this field. Nor is plaintiff helped by virtue of the fact that Long may have committed a crime against the United States. That is res inter alios acta. There is no merit in plaintiff's contentions that a federal question is here present because the case involves the civil consequences of a federal crime, or because a question of "federal policy" arises

for the solution of which resort must be had to the so-called "federal common law."

The finding of the District Court that no federal question was involved here is correct and in accord with well settled law. The judgment of the District Court is affirmed.

Affirmed.