### ECKERT v. BRAUN.

No. 8977.

Circuit Court of Appeals, Seventh Circuit.

May 24, 1946.

Brennan & Brennan, Martin J. Brennan and Joseph K. Brennan, all of Milwaukee, Wis., for appellant.

Bernard V. Brady and Ira Milton Jones, both of Milwaukee, Wis., for appellee.

Before SPARKS and MAJOR, Circuit Judges, and BRIGGLE, District Judge.

BRIGGLE, District Judge.

Plaintiff appeals from a judgment of the District Court summarily dismissing her bill of complaint. She invokes the jurisdiction of the Federal Court on the sole theory that this is a case arising under the patent laws of the United States. The complaint alleges that defendant wrongfully and illegally obtained possession of certain designs, drawings and formulae belonging to plaintiff's deceased husband at the time of his death and that defendant wrongfully used same in a successful application for two patents. Plaintiff prays that defendant be enjoined from making any use of the patents, that they be declared invalid in the name of defendant and that they be declared the property of the plaintiff; that defendant be adjudged a trustee ex maleficio; that the Court adjudge the designs, drawings and formulae to have been wrongfully converted and used by defendant; that defendant be required to account to plaintiff for all profits in the use of same; and that plaintiff be allowed damages for such wrongful conversion and fraud on the part of defendant.

The complaint was met with a motion to dismiss on the ground that it shows upon its face that the Court lacks jurisdiction of the subject matter. The District Court adopted this view, allowed defendant's motion and dismissed the complaint for the reason that it did not state a case arising under the patent laws of the United States.

We think the District Court was clearly right. The gravamen of plaintiff's charge is that defendant perpetrated a fraud upon her and she seeks to prevent his use of the fruits of the fraud and to have them vested in her. The mere fact that she asks that on account of the fraud the patent be invalidated in the hands of defendant does not bring it within the jurisdiction of the federal court.

In Becher v. Contoure Laboratories, Inc., et al., 279 U.S. 388, 49 S.Ct. 356, 357, 73 L. Ed. 752, an action was brought in a New York State Court, asking that defendant be adjudged a trustee ex maleficio of an invention and patent issued to him, and asking further relief similar to that asked in the case at bar. The proof established that one Oppenheimer, having conceived the invention, employed Becher as a machinist to construct the machine, and Becher agreed to keep secret and confidential the invention thus disclosed. Becher then applied for and obtained a patent based upon the invention. In a later proceeding in the Federal Court to enjoin the State Court proceedings, the Supreme Court said: "It is not denied that the jurisdiction of the Courts of the United States is exclusive in the case of suits arising under the patent laws, but it was held below that the suit in the State Court did not arise under those laws. It is plain that that suit had for its cause of action the breach of a contract or wrongful disregard of confidential relations, both matters independent of the patent law, and that the subject matter of Oppenheimer's claim was an undisclosed invention which did not need a patent to protect it from disclosure by breach of trust * * *."

The cases are uniform in holding that "where, in advance of the granting of a patent, an invention is disclosed to one who, in breach of the confidence thus reposed, manufactures and sells articles embodying the invention, such person shall be held liable for the profits and damages resulting therefrom, *not under the patent statutes* but upon the principle that equity will not permit one to unjustly enrich himself at the expense of another," Hoeltke v. Kemp Mfg. Co., 4 Cir., 80 F.2d 912, 923, Chesapeake & O. R. Co. v. Kaltenbach, 4 Cir., 95 F.2d 801, Saco-Lowell Shops v. Reynolds, 4 Cir., 141 F.2d 587. Moreover, after a patent has issued upon fraudulent misrepresentations there is no procedure for voiding or cancelling the same except a proceeding by the United States, United States v. American Bell Tel. Co., 128 U.S. 315, 9 S.Ct. 90, 32 L.Ed. 450, United States v. American Bell Tel. Co., 159 U.S. 548, 16 S.Ct. 69, 40 L.Ed. 255, Briggs v. United Shoe Machinery Co., 239 U.S. 48, 36 S.Ct. 6, 60 L.Ed. 138.

The relief asked by Plaintiff in this proceeding being of a general equitable nature and not arising under the patent laws of the United States, except in a most indirect manner, the federal court did not have jurisdiction and the judgment of the District Court is

Affirmed.