## WELLS v. UNIVERSAL PICTURES CO., Inc., et al.

### No. 171, Docket 20867.

Circuit Court of Appeals, Second Circuit.

March 16, 1948.

---

Archibald Palmer, of New York City (Samuel Masia, of New York City, of counsel), for appellant.

Boudin, Cohn and Glickstein, of New York City (Louis B. Boudin and Daniel W. Meyer, both of New York City, of counsel), for Joseph F. Palladino, appellee.

Julian T. Abeles and J. Robert Rubin, both of New York City (Julian T. Abeles, Arnold J. Bernstein, and Samuel D. Cohen, all of New York City, of counsel), for other appellees.

Before L. HAND, SWAN, and FRANK, Circuit Judges.

SWAN, Circuit Judge.

The present action is based upon the plaintiff's common law rights of literary property in a comedy sketch entitled "Flugel Street," of which he was the author. The complaint charges the four corporate defendants and the individual defendants Abbott and Costello with infringing his rights by using the sketch without his consent in a motion picture entitled "This Is The Life." This picture was produced by Universal Pictures Company, Inc., distributed by its two subsidiaries, Universal Film Exchanges, Inc., and Big "U" Film Exchange, Inc., and exhibited by Loew's, Inc. Abbott and Costello are actors who played roles in the moving picture and have a share in the income it produces. The defendant Palladino is charged with having fraudulently obtained a statutory copyright of the plaintiff's sketch. The complaint prays for an injunction, accounting of profits, damages, and a declaration that the copyright obtained by Palladino is null and void. Federal jurisdiction was invoked on two grounds: (1) That the action directly involves the Copyright Law, and (2) diversity of citizenship. But the complaint itself discloses that Wells and Palladino are both citizens of New York and Big "U" Film Exchange, Inc., a New York corporation. Palladino before answering the complaint, and the other defendants after answer, moved to dismiss for lack of jurisdiction of the subject matter. From orders granting the motions and from the resulting judgment of dismissal, the plaintiff has appealed.

■■ In so far as jurisdiction is based on 28 U.S.C.A. § 41(1) on the theory that the suit is one arising under the copyright laws of the United States, 17 U.S. C.A. §§ 34, 36, dismissal of the complaint is plainly correct. Wells does not claim to have copyrighted his sketch. He asserts only common law rights of literary property as against all the defendants, and as to Palladino alleges that he has by fraud obtained a copyright of the plaintiff's sketch. For a suit to "arise under" a law of the United States, the plaintiff must base his right upon a Federal statute.[1] If his rights depend on principles of common law and equity, the fact that a patent or copyright is incidentally involved does not give federal jurisdiction.[2] Thus, in Eckert v. Braun, 7 Cir., 155 F.2d 517 the complaint charged the defend-

[1] Wilson v. Sandford, 10 How. 99, 101, 13 L.Ed. 344; Tennessee v. Union and Planters' Bank, 152 U.S. 454, 464, 14 S.Ct. 654, 38 L.Ed. 511; Luckett v. Delpark, 270 U.S. 496, 503, 46 S.Ct. 397, 70 L.Ed. 703; Cohan v. Richmond, 2 Cir., 86 F.2d 680, 682.

[2] Eckert v. Braun, 7 Cir., 155 F.2d 517; Laning v. National Ribbon & Carbon Paper Mfg. Co., 7 Cir., 125 F.2d 565, 566, 568; Dill Mfg. Co. v. Goff, 6 Cir., 125 F.2d 676, certiorari denied 317 U. S. 672, 63 S.Ct. 77, 87 L.Ed. 540; Lion Mfg. Co. v. Chicago Flexible Shaft Co., 7 Cir., 106 F.2d 930, 932; Carl Laemmle Music Co. v. Stern, 2 Cir., 219 F. 534, 536; Hoyt v. Bates, C.C., 81 F. 641; New Era Electric Range Co. v. Serrell, 252 N.Y. 107, 169 N.E. 105; cf. Becher v. Contoure Laboratories, Inc., 279 U.S.

ant with fraudulently obtaining a patent on an invention of the plaintiff, and prayed that the patent be invalidated and the defendant enjoined from using it; but the court ruled that the suit did not arise under the patent laws. Similarly, where the defendant had obtained a copyright on the plaintiff's song, without his consent, and his suit asked that the copyright be assigned to him, federal jurisdiction was held lacking. Hoyt v. Bates, C.C., 81 F. 641.

The appellants' attempt to rest jurisdiction on the Declaratory Judgment Act, 28 U.S.C.A. § 400, also fails. The declaratory judgment procedure is available only in cases of "actual controversy." Wells' complaint is devoid of any allegation that Palladino has asserted that his copyright will be infringed if Wells makes use of his own sketch or licenses others to do so; nor does Wells even say that he intends to use it or to grant licenses. To show the existence of an "actual controversy," the complaint should at least allege facts from which may be inferred some likelihood that Palladino would threaten Wells or his licensees with infringements.[3] It contains not the slightest intimation that he would. It does not even allege that Palladino has used his copyright to license the other defendants, and the answers of all but Loew's, Inc., expressly admit that the copyright is void, the answer of Loew's, Inc., being silent on the subject. In the declaratory judgment cases on which the appellant relies, a controversy existed because the defendant had threatened the plaintiff or his licensees with infringement.[4] Here no such facts are alleged. Hence under the Declaratory Judgment Act jurisdiction over the action against Palladino is lacking. It is also lacking on the basis of diversity, since both Wells and Palladino are citizens of New York.

The action against the other defendants charges infringement of the plaintiff's common law rights of literary property, and federal jurisdiction would have existed on the ground of diverse citizenship, had not Wells seen fit to join as defendants Palladino, a New York citizen and Big "U" Film Exchange, Inc., a New York corporation. If the party improperly joined is not indispensable, the jurisdictional defect may be cured by a motion in the district court to dismiss as to him. Levering & Garrigues Co. v. Morrin, 2 Cir., 61 F.2d 115, 121, affirmed on other grounds, 289 U.S. 193, 53 S.Ct. 549, 77 L.Ed. 1042. In the case at bar the defendants are apparently sued as joint tort feasors and, since between joint tort feasors a plaintiff may elect which to sue, the resident defendants were not indispensable parties. Consequently, had Wells moved in the district court to amend his complaint by eliminating Palladino and Big "U" Film Exchange, Inc., he could have saved his infringement suit against the others. But, as we held in the Morrin case, such a motion cannot be made in the appellate court. See Denny v. Peroni, 141 U.S. 121, 124, 11 S.Ct. 966, 35 L.Ed. 657. Indeed, Wells has not asked for any amendment.

Although we read the complaint as

---

388, 49 S.Ct. 356, 73 L.Ed. 752; Luckett v. Delpark, 270 U.S. 496, 510, 46 S.Ct. 397, 70 L.Ed. 703.

[3] Mitchell & Weber, Inc., v. Williamsbridge Mills, Inc., D.C., 14 F.Supp. 954, 956; Borchard, Declaratory Judgments, 2nd ed., pp. 807, 809. See Caterpillar Tractor Co. v. International H. Co., 9 Cir., 106 F.2d 769, 772, 773.

[4] Dewey & Almy Chemical Co. v. American Anode, 3 Cir., 137 F.2d 68, certiorari denied American Anode v. Dewey & Almy Chemical Co., 320 U.S. 761, 64 S. Ct. 70, 88 L.Ed. 454; Crosley Corp. v. Westinghouse Elec. & Mfg. Co., 3 Cir., 130 F.2d 474, 475, certiorari denied 317 U.S. 681, 63 S.Ct. 202, 87 L.Ed. 546;

Grip Nut Co. v. Sharp, 7 Cir., 124 F.2d 814, 815; E. Edelmann & Co. v. Triple-A Specialty Co., 7 Cir., 88 F.2d 852, certiorari denied 300 U.S. 680, 57 S. Ct. 673, 81 L.Ed. 884; Randolph Laboratories v. Specialties Development Corp., D.C., 62 F.Supp. 897, 900; King v. Edward B. Marks Music Corp., D.C., 56 F. Supp. 446; Atlas Mineral Products Co. v. Johnston, D.C., 47 F.Supp. 948, 950, affirmed 6 Cir., 140 F.2d 282; Ice Plant Equipment Co. v. Martocello, D.C., 43 F. Supp. 281, 282; Knaust Bros., Inc. v. Goldschlag, D.C.E.D.N.Y., 28 F.Supp. 188, 190, affirmed 2 Cir., 119 F.2d 1022; Mitchell & Weber, Inc. v. Williamsbridge Mills, Inc., D.C., 14 F.Supp. 954, 956.

charging a joint infringement by all the defendants, it is hard to say whether it does not perhaps allege separate and independent infringements by the producer, the distributors, the exhibitor and Palladino. If a plaintiff states in one complaint two quite independent claims—one showing jurisdiction by reason of diversity, and the other not—it may be that the rule of the Morrin case would not preclude the appellate court from preserving the diversity claim and dismissing only the other. We mention the point merely to save it. In the complaint before us we find no claim against any non-resident defendant so clearly divorced from the allegations against the resident defendants as to require decision of the point suggested.

The judgment must be affirmed. Our decision does not, of course, conclude the plaintiff from bringing another suit to enforce his rights of literary property in a court, federal or state, having jurisdiction.

Judgment affirmed.