### SACHS v. CLUETT, PEABODY & CO., Inc., et al.

United States District Court
S. D. New York.

Feb. 23, 1950.

Joseph Nemerov, New York City, for plaintiff. John B. Coppola, New York City, of counsel.

Sullivan & Cromwell, New York City, for defendants. Edward H. Green, William Piel, Jr., Bruce A. Hecker, all of New York City, of counsel.

CONGER, District Judge.

The defendants move this Court for the following relief: [1] for an order dismissing the amended complaint on the ground that the Court lacks jurisdiction of the subject matter of the action; [2] for summary judgment on the ground that the amended complaint fails to state a claim upon which relief can be granted; and further that it is barred by the statute of limitations; [3] for summary judgment on the ground that there is an existing final judgment determining the same claim between the parties; and [4] for an order pursuant to 35 U.S.C.A. § 70 awarding attorney's fees in the amount of $5,000 to each of the defendants.

In brief, the amended complaint alleges that the plaintiff, prior to 1921, had invented a process for shrinking cloth and had constructed machinery for the use of said process; that he disclosed it to the defendants for the purpose of testing the process for commercial use, but that the defendants, after testing the process, fraudulently represented that it was not economically useful; that the defendant Cluett fraudulently obtained Letters Patent on the process which it assigned to the corporate defendant; that the plaintiff has been deprived of the use of his process because of the defendants' acts and their expressed intention to claim infringement against anyone the plaintiff might license.

The amended complaint seeks judgment [a] granting an injunction against defendants' declarations of invention; [b] declaring plaintiff's right to use the process free from defendants' acts; and [c] decreeing the cancellation of the Patents for fraud.

Paragraph "First" of the amended complaint reads as follows: "First: The grounds upon which the jurisdiction of this Court depends is that the suit is of a civil nature in equity and arises under the patent laws of the United States and upon the further ground that it is a suit for a declaratory judgment or decree under the Judicial Code and arises from an actual controversy between the parties herein."

It is quite clear that this Court is without jurisdiction of the subject matter of the action. The suit does not arise under the patent laws of the United States. The gravamen of plaintiff's charge is that defendant Cluett perpetrated a fraud upon him and he seeks to prevent defendants' use of the fruits of the fraud. The mere fact that he asks that on account of the fraud the patent be invalidated in the hands of defendants does not bring it within the jurisdiction of the Federal Court. After a patent has been issued upon fraudulent misrepresentation, there is no procedure for voiding or cancelling the same except by a proceeding by the United States. Eckert v. Braun, 7 Cir., 1946, 155 F.2d 517; Wells v. Universal Pictures Company, Inc., 2 Cir., 1948, 166 F.2d 690; Howard v. Archer, 9 Cir., 1940, 115 F.2d 342.

Further, the fact that the suit is one for a declaratory judgment is not sufficient to give the Court jurisdiction independently of the usual ground. The declaratory judgment procedure is merely a *remedy* which may be invoked where an actual controversy is present in a case *within the jurisdiction* of the Court. 28 U.S.C.A. § 2201. The amended complaint indicates that there has been a controversy of long standing between plaintiff and defendants, but it is not a justiciable controversy because this Court has no jurisdiction to pass on the cause which started the controversy. The present suit is not within the jurisdiction of the Court, there being no Federal question nor diversity of citizenship.

The motion is granted.

The defendants' remaining objections to the suit need not be considered.

The defendants' application for counsel fees is denied.

I do not think the statute, 35 U.S.C.A. § 70, was intended to include a suit of this type. See 1946 U.S. Code Cong. Service, p. 1386.

Settle order.