CHICAGO FITTINGS CORPORATION,
Plaintiff,

v.

Earl E. HOWE, Richard Howe, and
Margaret Frisby, Defendants.

No. 69 C 2612.

United States District Court,
N. D. Illinois, E. D.

March 4, 1970.

Edmund A. Godula, Dominik, Knechtel & Godula, Chicago, Ill., for plaintiff; Stanley H. Jakala, Summit, Ill., of counsel.

Keith K. Nicolls and William E. Lucas, Chicago, Ill., for defendants, Horton, Davis, McCaleb & Lucas, Chicago, Ill., of counsel.

## MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO DISMISS

ROBSON, District Judge.

The defendants move this court to dismiss this action for lack of jurisdiction over the subject matter. For the reasons set forth below, this court is of the opinion the motion should be granted.

The plaintiff seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 concerning the validity and interpretation of a contract with the defendants. There is no diversity of citizenship between the parties. The subject matter of the contract in question is the transfer of a considerable number of patents by the defendants to the plaintiff for a stated consideration, which was later modified by a supplemental agreement. Since the commencement of this suit, the defendants have initiated garnishment actions in the state courts of Michigan for payment of the consideration allegedly due under the contract in issue here. The plaintiff here attempted to remove the Michigan garnishment actions to the United States District Court for the Eastern District of Michigan. Judge Talbot Smith of that court held

on February 9, 1970, that the cause was improperly removed and remanded the matter to "the Circuit Court, County of Wayne, State of Michigan." Earl Howe, et al. v. Chicago Fittings Corporation, No. 34252.

The plaintiff complains that certain of the patents involved have expired or are invalid, or cannot be asserted against its products. The plaintiff further complains that the defendants were aware of these facts at the time of contracting, but they failed to so advise the plaintiff. The plaintiff asks this court to declare the contract between the parties null and void, and further, to declare certain of the underlying patents either invalid or inapplicable to the plaintiff's products. It is the plaintiff's contention that this case arises under the federal patent laws, thereby conferring jurisdiction upon this court pursuant to 28 U.S.C. § 1338(a). This court does not agree.

The plaintiff's allegations essentially raise issues concerning the rights and legal relations of the parties under their contract, as well as possible questions of failure of consideration and fraudulent inducement. These are matters of contract law and should properly be resolved in the state courts. *E. g.,* Lear, Inc. v. Adkins, 395 U.S. 653, 661, 89 S.Ct. 1902, 23 L.Ed.2d 610 (1969); Koratron Company v. Deering Milliken, Inc., 418 F.2d 1314, 1317 (9th Cir. 1969). A case does not arise under the patent laws for purposes of federal jurisdiction merely because in the course of interpreting a contract, questions of patent law may be involved. Lang v. Patent Tile Company, 216 F.2d 254, 255 (5th Cir. 1954). "Where diversity of citizenship is lacking, the fact that questions and issues are raised in connection with a patent is not sufficient to invoke the jurisdiction of this court." Eckert v. Braun, 62 F.Supp. 264 (E.D.Wis. 1945), aff'd 155 F.2d 517 (7th Cir. 1946).

The defendants' motion to amend their motion to dismiss by including *res*

*judicata* as a ground for dismissal is denied as moot.

It is therefore ordered that the cause be, and it is hereby dismissed without costs.