**NYLOK FASTENER CORPORATION, Plaintiff,**

v.

**The OAKLAND CORPORATION, d/b/a ND Industries, Inc., Defendant.**

No. 88 C 7715.

United States District Court,
N.D. Illinois, E.D.

June 8, 1989.

Raymond P. Niro, Steven M. Shape and Samuel L. Alberstadt, Niro, Scavone, Haller & Niro, Ltd., Chicago, Ill., for plaintiff.

Frank R. Thienpont, Chicago, Ill., Philip J. Kessler and Keefe A. Brooks, Butzel Long Gust Klein & Van Zile, and William H. Francis, Barnes, Kisselle, Raisch, Choate, Whittemore & Hulbert, P.C., Detroit, Mich., for defendant.

### ORDER

BUA, District Judge.

In this action, plaintiff Nylok Fastener Corporation ("Nylok") claims that defendant The Oakland Corporation, d/b/a ND Industries, Inc. ("Oakland"), has infringed certain patents owned by Nylok. Oakland, claiming that the court lacks subject matter jurisdiction over this controversy, has moved to dismiss the case. Alternatively, Oakland moves the court to transfer this case to the United States District Court for the Eastern District of Michigan. For the reasons stated herein, Oakland's motion to dismiss is denied. However, Oakland's motion to transfer is granted.

### FACTS

Nylok is a corporation organized under the laws of the State of Michigan. Its principal place of business is located in Rochester, Michigan. On January 22, 1974, and October 17, 1978, the United States Patent and Trademark Office issued two patents (Nos. 3,787,222 and 4,120,993) to Nylok. These patents concern particular manufacturing methods and processes used in the production of certain self-locking fasteners.

On September 27, 1982, Nylok and ND Industries, Inc. ("ND Industries") entered into a written agreement under which ND Industries became licensed to use Nylok's patents. Pursuant to the agreement, ND Industries paid royalties to Nylok and employed Nylok's patented processes in the production of self-locking fasteners. In June 1986, ND Industries merged into defendant Oakland and ceased to exist. Oakland is a corporation in the business of manufacturing various products, including

nylon-coated, threaded fasteners. Like Nylok, Oakland is incorporated under the laws of Michigan. Its principal place of business is located in Troy, Michigan. After its merger with ND Industries, Oakland began using Nylok's patented processes in the production of its fasteners.[1]

On August 4, 1988, Nylok notified Oakland that Oakland had materially breached the license agreement.[2] Shortly thereafter, Nylok notified Oakland that pursuant to paragraph VI(B)(3) of the agreement, the agreement had been terminated due to Oakland's material breach. According to Nylok's amended complaint, Oakland continued to use Nylok's patents despite the fact that the license agreement had been terminated. Nylok claims that Oakland's use of the patents after the agreement had been terminated constitutes an infringement of Nylok's patent rights in violation of the United States patent laws. Therefore, Nylok asserts that this court has jurisdiction under 28 U.S.C. § 1338(a). Nylok's amended complaint seeks treble damages, attorneys' fees, costs, and an injunction against Oakland to prevent further infringement of Nylok's patents.

## DISCUSSION

### I. *Federal Jurisdiction*

■ Oakland argues that Nylok's amended complaint essentially states a state law breach of contract claim over which there is no federal jurisdiction.[3] Oakland maintains that since Nylok granted ND Industries a license to use the pat-

ents, Nylok cannot now claim that Oakland's allegedly improper use of the patents forms a basis for a patent infringement suit. Oakland's position is that any question regarding its use of the patents is governed by the license agreement and, therefore, raises issues of state law, not federal claims. Therefore, Oakland requests the court to dismiss the case for lack of subject matter jurisdiction.

Oakland is correct in asserting that if Nylok seeks to recover only for Oakland's alleged breach of the license agreement, Nylok has simply stated a state law breach of contract claim. *See Luckett v. Delpark, Inc.,* 270 U.S. 496, 502, 46 S.Ct. 397, 399, 70 L.Ed. 703 (1926); *Briggs v. United Shoe Machinery Co.,* 239 U.S. 48, 49, 36 S.Ct. 6, 7, 60 L.Ed. 138 (1915). However, Nylok's amended complaint does not merely seek to redress Oakland's alleged breach of the agreement. Nylok seeks to recover for Oakland's alleged unlawful use of the patents after the agreement had been terminated.[4] Further, Nylok requests the court to issue an injunction preventing future infringement of its patents; Nylok has not pursued contractual remedies. Therefore, Nylok's amended complaint asserts a claim for patent infringement. *See Yarway Corp. v. Eur–Control USA, Inc.,* 775 F.2d 268, 273 (Fed.Cir.1985); *Air Products and Chemicals, Inc. v. Reichhold Chemicals, Inc.,* 755 F.2d 1559, 1563 (Fed.Cir.1985); *Deats v. Joseph Swantak, Inc.,* 619 F.Supp. 973, 981 (N.D.N.Y.1985). As a result, Oak-

---

1. The ND Industries–Nylok license agreement provided that ND Industries could assign the license granted to it by Nylok if "[ND Industries] sells, assigns or transfers its entire business relating to the license product."

2. Actually, Nylok sent the notice to ND Industries, but the notice was received by Oakland. At the time it sent the notice, Nylok was unaware that ND Industries had merged into Oakland and had ceased to exist as a separate legal entity. Nylok apparently did not become aware of the merger until after it filed its original complaint, which named only ND Industries, Inc., as a defendant. After learning of the merger, Nylok amended its complaint, naming Oakland as defendant.

3. Since both parties are Michigan corporations, there is no diversity jurisdiction; only federal question jurisdiction is at issue.

4. Oakland, relying on the affidavit of its Chairman of the Board, Richard B. Wallace, appears to argue that the license agreement was never terminated. However, on a motion to dismiss, the court must accept Nylok's allegations as true. *Gomez v. Illinois State Board of Education,* 811 F.2d 1030, 1039 (7th Cir.1987). Nylok's allegations state that Oakland was *"formerly* licensed" (emphasis added). Moreover, Nylok has submitted affidavits and other documents which support its position that the agreement was terminated. At the very least, this evidence creates a factual dispute not properly resolved on a motion to dismiss.

land's motion to dismiss for failure to state a federal claim must be denied.

## II. *Transfer*

■ Oakland claims that in the event its motion to dismiss is denied, this case should be transferred to the Eastern District of Michigan. Oakland seeks to transfer pursuant to 28 U.S.C. § 1404(a), which provides:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Before a court grants a § 1404(a) motion to transfer, the movant must show that (1) venue is proper in the transferor court; (2) venue is proper in the transferee court; and (3) transfer is for the convenience of the parties and witnesses, in the interest of justice. *Trademasters International, Inc. v. Borer*, 687 F.Supp. 434, 435 (N.D.Ill. 1988). In the instant case, the parties do not dispute that venue is proper both here and in the Eastern District of Michigan. Thus, the determination of whether to grant Oakland's motion to transfer turns on an analysis of the third requirement: the convenience of the parties and witnesses, and the interest of justice.

A recent decision by Judge Rovner has made this court's analysis of the third requirement much easier. On March 23, 1989, Judge Rovner issued an order transferring a case involving these same parties and concerning some of the same general facts and circumstances. In Judge Rovner's case, *Nylok Fastener Corp. v. The Oakland Corp., d/b/a ND Industries, Inc.*, No. 88 C 7186, 1989 WL 31006 (N.D. Ill. March 23, 1989), Nylok alleged that Oakland has infringed Nylok's trade name and engaged in unfair competition, both of which adversely affected Nylok's business. Judge Rovner, considering the convenience of the parties and witnesses, as well as the interest of justice, decided to transfer the case to the Eastern District of Michigan, Southern Division.

This court agrees with Judge Rovner that the convenience of the parties and witnesses would be better served by transferring the Nylok–Oakland dispute to the Eastern District of Michigan. Both parties are incorporated in the State of Michigan and each maintains its principal place of business in the Detroit metropolitan area, located within the Eastern District of Michigan. The corporate officers of both parties, many of whom will be called as witnesses, reside and work in Michigan. In addition, most of the documents and records relating to the instant controversy are housed in each company's Michigan offices.

The only connection this case has to the Northern District of Illinois is that each party maintains some production facilities here. Nylok claims that it intends to call as witnesses some of its production supervisors and plant managers located in Chicago. However, since Nylok also has plants in Michigan, Nylok could likely elicit the same testimony if it calls its employees with similar positions in its Michigan plants. Moreover, to the extent that any of Nylok's Chicago witnesses would be necessary to Nylok's case, the interests of these witnesses are substantially outweighed by the interests of the many other witnesses located in Michigan.

Furthermore, since Judge Rovner has already transferred case number 88 C 7186, transfer of the instant case would clearly be in the interest of justice. This case involves the same parties, the same general facts and circumstances, and many of the same witnesses and evidence. Consequently, transfer of this case to the same district as case number 88 C 7186 would be likely to promote judicial economy and serve the convenience of litigants and any third parties associated with this controversy. *See Zurich Insurance Co. v. Raymark Industries, Inc.*, 672 F.Supp. 1102, 1104 (N.D.Ill. 1987). Therefore, the court finds that the convenience of the parties and witnesses and the interest of justice warrant transfer of this case to the Eastern District of Michigan, Southern Division.

## CONCLUSION

For the foregoing reasons, Oakland's motion to dismiss is denied. However, Oak-

land's motion to transfer this case to the United States District Court for the Eastern District of Michigan, Southern Division, is granted.

IT IS SO ORDERED.